### CITY OF VALPARAISO *v.* KINNEY.

[No. 10,859.   Filed May 31, 1921.]

1. APPEAL.—*Briefs.*—*Sufficiency.*—No question is presented for consideration on appeal as to the sufficiency of a notice of injury to comply with §8962 Burns 1914, Acts 1907 p. 249, where appellant city's brief, in its proposition and points, merely informs the court what the notice contains, and then states as a proposition of law that such notice must be given and the fact that it was given must be alleged in the complaint, but fails to point out any defects in the notice; nor can such omission be supplied by defects in the notice suggested in the argument to appellant's brief.   p. 662.

2. MUNICIPAL CORPORATIONS.—*Personal Injuries.*—*Notice of Injury.*—*Sufficiency.*—*Statute.*—A notice to a city directed to the mayor and common council purporting to be signed by the injured person, "You and each of you are hereby notified that on the 26th day of December 1916, at about 7.00 o'clock P. M., I suffered an injury by reason of a fall on an icy ridge, where

sidewalk crosses the alley and intersects same, at the northeast corner of the Windle Block, known as Lot 3, in Block 22, in the original survey of the town (now city) of Valparaiso, Indiana. That said icy ridge was permitted to be and remain in said place for more than four days, followed by a description of the injuries claimed to have been received, and a notice that the injured person intended to hold the city liable therefor, was sufficient to comply with §8962 Burns 1914, Acts 1907. p. 249. p. 663.

3. DAMAGES.—*Personal Injuries.— Physical Examination.— Discretion of Court.*—A motion to require plaintiff in an action to recover for personal injuries to submit to a physical examination is addressed to the sound discretion of the trial court, but the exercise of such discretion is reviewable on appeal, and correctible in case of abuse. p. 664.

4. DAMAGES. — *Personal Injuries. — Physical Examination. — Right to More Than One Examination.—Discretion of Court.*— Courts have authority to order more than one physical examination of a plaintiff in an order for damages on account of physical injuries, the purpose of such examinations being to enable the courts to obtain as nearly as possible the exact and full truth concerning the matters in controversy in order that they bestow upon litigants equal and exact justice; but a defendant in such an action may not demand either a first or subsequent examination under order of court as a matter of right, as the making of such an order is within the sound discretion of the court, and a physical examination should never be ordered without sfficient cause or so frequently as to unduly annoy plaintiff, or at such times and places as to cause unnecessary embarrassment. p. 664.

5. DAMAGES. — *Personal Injuries. — Physical Examination. — Abuse of Discretion.—Refusal to Order Second Examination.*— In an action to recover for personal injuries, *held,* that it was an abuse of the trial court's discretion warranting reversal to refuse an order for a second physical examination of plaintiff, where the complaint alleged that her injuries were permanent and had rendered her a cripple for life, and the application for a second examination was made nineteen months after the first examination was had, and just prior to the trial of the cause. p. 666.

From Starke Circuit Court; *W. C. Pentecost,* Judge.

Action by Fanny J. Kinney against the city of Valparaiso. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Edgerton W. Agar* and *Oscar B. Smith,* for appellant.
*Kelley & Galvin* and *William J. Reed,* for appellee.

BATMAN, J.—This is an action by appellee against appellant to recover damages, alleged to have been caused by the negligence of the latter in failing to exercise reasonable care to keep a certain sidewalk and alley intersection in a safe condition for travel. The complaint is in a single paragraph, and after a demurrer thereto was overruled, issues thereon were joined by an answer in general denial. The cause was submitted to a jury for trial, which returned a verdict in favor of appellee for $2,500, together with its answers to certain interrogatories submitted by the court. Appellant's motion for judgment in its favor on the answers to the interrogatories notwithstanding the general verdict was overruled, and like rulings were made on its motion and supplemental motion for a new trial. Appellee's motion for judgment on the verdict was sustained, and judgment was rendered accordingly. Appellant is now prosecuting this appeal on an assignment of errors, which requires a determination of the questions hereinafter considered.

Appellant contends that the court erred in overruling its demurrer to the complaint. It bases this contention on a claim that the notice served on it by appellee

1. was not sufficient in substance to comply with the provisions of §8962 Burns 1914, Acts 1907 p. 249. The notice in question is set out in the complaint. It is directed to the mayor and common council of appellant, purports to be signed by Mrs. Fanny J. Kinney, and is as follows: "You and each of you are hereby notified that on the 26th day of December, 1916, at about 7:00 o'clock P. M., I suffered an injury by reason of a fall on an icy ridge, where sidewalk crosses the alley and intersects same, at the northeast corner of the Windle

Block, known as Lot 3, in Block 22, in the original survey of the town (now city) of Valparaiso, Indiana. That said icy ridge was permitted to be and remain in said place for more than four days." (Here follows a description of the injuries, which she claims to have received by reason of said fall, with notice that she intends to hold appellant liable therefor.) Appellant in that part of its brief devoted to propositions or points, merely informs the court what the notice contains, and then states as a proposition of law, that notice must be given, and the fact that it was given must be alleged in the complaint, citing authorities. No defect in the notice is pointed out or even suggested. This is not sufficient to present any question for our consideration under the rules relating to the preparation of briefs. Some defects are suggested in that part of appellant's brief devoted to argument, but these cannot supply omissions made elsewhere therein. However the 2. following cases fully meet every suggestion of defects in the notice made by appellant. *City of East Chicago* v. *Gilbert* (1915), 59 Ind. App. 613, 108 N. E. 29, 109 N. E. 404; *City of Terre Haute* v. *O'Neal* (1920), 72 Ind. App. 485, 126 N. E. 26. Appellant has failed to show that the court erred in its ruling on said demurrer.

Appellant contends that the court erred in overruling its motion, filed on June 20, 1919, whereby it sought to have the court appoint a physician or physicians to make a physical examination of appellee. The record discloses that this action was begun on October 11, 1917, to recover damages for injuries alleged to have been received on December 26, 1916; that on November 21, 1917, the court, in pursuance of a motion made by appellant, appointed Dr. Andrew P. Letherman to make a physical examination of appellee, and ordered her to appear at his office on November 24, 1917, for such pur-

pose; that the said Letherman made a physical examination of appellee in pursuance of his said appointment and said order, on or near said date; that on June 20, 1919, three days prior to the date on which the trial of this cause was begun, appellant filed a second motion, asking that a physician or physicians be appointed to make a physical examination of appellee, which motion was overruled during the progress of the trial, but before the conclusion of the evidence, on the ground as stated in the record, that "Dr. Letherman, heretofore appointed by the court to make such examination has testified as a witness on the trial."

It is well settled in this state, that a motion to require a plaintiff to submit to a physical examination in actions of this kind is addressed to the sound discretion

3. of the trial court, and that the exercise of such discretion is reviewable on appeal, and correctible in case of abuse. *City of South Bend* v. *Turner* (1901), 156 Ind. 418, 60 N. E. 271, 83 Am. St. 200, 54 L. R. A. 396; *Kokomo, etc., Traction Co.* v. *Walsh* (1915), 58 Ind. App. 182, 108 N. E. 19; *Lake Erie, etc., R. Co.* v. *Griswold* (1920), 72 Ind. App. 265, 125 N. E. 783. It will be observed, however, that the question before us involves an application for an order for a second physical examination of appellee, which the court appears

4. to have denied, either on the theory, that having made one such order, resulting in a compliance therewith, and the giving of evidence as to the facts discovered thereby, it had no authority to order a second examination, or that if it had such authority, sufficient necessity therefor was not shown. It is clear to us that courts have authority to order more than one physical examination of a plaintiff in an action for damages on account of personal injuries. The purpose of such an examination, as shown by the reasons stated in the case first above cited, in support of the conclusion

that authority exists for ordering the same, is to enable the courts to obtain, as nearly as possible, the exact and full truth concerning the matters in controversy, in order that they may bestow upon litigants equal and exact justice. A physical examination serves to promote the purpose stated, by placing the parties on a more equal footing before the court or jury trying the cause, as to the nature and extent of the injuries alleged to have been received, for, as said by the court in its opinion in said cause: "If a defendant must make his defense against the expert opinions of the plaintiff's chosen surgeons, without an opportunity of testing the verity of the basis for such opinions, he may be placed at disastrous disadvantage such as the law cannot and does not sanction." It is apparent that under certain circumstances, a single physical examination may not fully accomplish, and possibly could not fully accomplish, the purpose stated above. Where such circumstances exist, the reasons which lead courts to assume authority to order physical examinations in the first instance, afford ample justification for a further exercise of authority in that regard. The amendment of a complaint, after a physical examination has been had, which alleges injuries not mentioned in the original complaint, a refusal to submit fully to a reasonable examination in the first instance, deception practiced by the plaintiff with reference thereto, a claim that unusual developments of a serious nature have resulted from such injuries, a long period of time intervening between the date of the first examination and the trial of the cause, the death of the physician who made the first examination under order of court, or the inability of the defendant to procure his attendance at the trial, or to secure his deposition as a witness, may be cited as circumstances of the kind mentioned above. In holding that more than one physical examination of a plaintiff may be ordered under

certain circumstances, we do not mean to imply that a defendant may demand either a first or subsequent examination under an order of court as a matter of right, or that the making of such an order is not within the sound discretion of the court, subject however to review on appeal for abuse in the exercise thereof, or that a physical examination should ever be ordered without sufficient cause, or so frequently as to unduly annoy the plaintiff, or at such times and places, as to cause unnecessary embarrassment. On the other hand, we hold that courts, in the exercise of their discretion should fully protect plaintiffs in that regard.

Having determined that courts have authority to order more than one physical examination of a plaintiff under certain circumstances, we will now consider whether the facts in the instant case are such as to show that the action of the court in overruling the motion under consideration, was such an abuse of discretion, as to require a reversal of the judgment. Appellee in her complaint alleges, that as a result of appellant's negligence she fell and sustained permanent injuries; that the joints of her left arm and shoulder were dislocated; that the "muscles, blood vessels, tendons, ligaments, nerves and cartilages" surrounding her shoulder and elbow joints were "torn, bruised, lacerated, and rendered stiff, sore and useless," and by reason thereof appellee "has been and will be deprived of the use of her said left arm and shoulder for and during her natural life;" that by reason of her said injuries the circulation in her left arm has been interfered with, and the same has become numb; that the synovial lubricants of her elbow and shoulder joints have become dissipated, and by reason thereof the same have become stiff; that appellee "will be deprived of the use of said joints, and by reason thereof is rendered a cripple for and during her natural life, * * * all

to her damage in the sum of $5,000." Appellant's motion under consideration was supported by a showing, which set out certain averments of the complaint, including the allegations relating to the extent of appellee's injuries and the permanency thereof, and then alleges "that defendant herein further shows to the court that the plaintiff will produce as a witness in her behalf the physician who has attended her, and probably other physicians who have examined her, and who will testify as to the extent and nature of her injuries; and that said plaintiff will testify in her own behalf as to the character of her injuries and to the extent thereof, and to the pain and suffering she has undergone; all of said facts are within the knowledge of the said plaintiff and her said witnesses and are unknown to the defendant or to any of its witnesses;  *   *   *   that it has had no opportunity and has been wholly unable to inform itself on the subject of said injuries or the extent or character thereof and whether the same are permanent or not."

From the foregoing statement it appears that the trial court, in ruling on appellant's motion, had before it a case where a plaintiff was seeking to recover damages on account of personal injuries in the sum of $5,000, based very largely on the fact that her injuries were not only permanent, but had rendered her a cripple for life. The injuries alleged were confined to the left arm, elbow and shoulder. It is apparent that a physical examination of such parts could have been made without unreasonable pain, or danger to appellee's health. The only physical examination of appellee, that had theretofore been made under an order of court, was had about eleven months after she received her injuries, and nineteen months before the trial of the cause. The injuries were of such a character, that nature would probably work a great change for the better in the course

of time, even if a substantial cure was not effected. Under such circumstances it must be evident, that knowledge of appellee's condition at the time of the trial, which occurred about two and one-half years after the injuries were received, would have been very helpful to the court or jury trying the cause, in meting out justice between the parties. The physical examination, theretofore made under order of court, afforded data on which probabilities of improvement, and of ultimate recovery could be based, but such probabilities would be far less satisfactory and convincing than facts derived from a second physical examination, had appellant's motion therefor been sustained. Counsel for appellant evidently appreciated this fact, and anticipated that appellee would submit evidence on the trial as to her present physical condition, based on recent examinations made by one or more physicians of her own selection, and sought to overcome appellant's disadvantage in that regard by filing a timely motion for an order to have appellee submit to a physical examination by one or more competent and disinterested physicians to be appointed by the court, immediately preceding the trial of the cause. This motion was not ruled upon until after the trial was in progress, the evidence of appellee in chief had been closed, which included testimony that her injuries were permanent, given by two physicians of her own selection, based on physical examinations made just prior to the beginning of the trial, when it was overruled. We are convinced that this ruling, under the circumstances stated, was clearly error. To demonstrate the possible harm to appellant resulting from such ruling, we need only cite the fact, that the verdict returned by the jury in this cause is for a very substantial sum which appellant challenges as excessive, and which appellee seeks to sustain on the ground that her injuries are permanent. What the amount of the

verdict would have been if the jury had been permitted to hear testimony from a disinterested physician or physicians appointed by the court, after a physical examination as recent as the ones made by appellee's witnesses, we have no means of knowing. For the error committed in overruling the motion of appellant for a physical examination of appellee, filed on June 20, 1919, the judgment must be reversed. Other errors assigned are not considered as the questions presented thereby may not arise on another trial. Judgment reversed with instructions to sustain appellant's motion for a new trial, and also its said motion for a physical examination of appellee, and for further proceedings consistent with this opinion.

McMahan, J., not participating.