## TEMPLIN v. ERKEKEDIS

[No. 17,790. Filed March 25, 1949.]

*Oscar C. Strom* and *William S. Spangler,* both of Gary, for appellant.

*David P. Stanton,* of Gary, for appellee.

ROYSE, P. J.—This is an appeal from a judgment for damages in favor of appellee against appellant, a physician, for alleged malpractice during the course of a physical examination.

Appellee's complaint alleged, in substance, that she consulted appellant, a duly licensed and practicing physician and surgeon, for the purpose of having him diagnose the cause of a rash or skin eruption upon her neck and chest; that in the course of appellant's examination of her he ruptured her hymen by means of a bi-valve speculum; that appellant was negligent, careless and failed to exercise the degree of care and skill required in the making of such examination and in the rupture of the hymen. Such negligence, among other things, consisted of the following acts of omission and commission: (1) It was not necessary to rupture the hymen to diagnose appellee's condition; (2) Appellant failed to ascertain appellee's marital condition and that in the exercise of due care it was reasonably necessary, before damaging such membrane, that he learn of such status; (3) Appellant carelessly and negligently failed to observe the membrane was intact and not ruptured; that had he exercised due care he would have observed the undamaged character of said membrane and would have been able to avoid rupturing same.

It then avers that as a result of such act appellee suffered pain, physical anguish, mental and emotional

disturbance; that she has suffered special damage because she is of Greek extraction and it is a custom of that nationality to place great stress and importance upon the loss of such characteristic; that the loss of such characteristic materially lessens the opportunity of plaintiff to intermarry with a person of her own extraction. Answer of admission and denial under the rules.

Prior to the trial appellant filed his verified supplemental petition asking the court to require appellee to submit to a physical examination. This petition is as follows:

"The defendant has heretofore filed his Petition showing that an agreement was entered into between the plaintiff and the defendant wherein the plaintiff agreed to submit to a physical examination at 2:00 P. M. May 12, 1947, in which Petition the defendant asked that the plaintiff's complaint be stricken from the files by reason of her failure and refusal to carry out such stipulation and be examined physically concerning the matters alleged in her complaint.

"The defendant does now, in supplement to said Petition, show to the Court further, that the plaintiff has made charges of negligence and wilfulness on the part of the defendant in her two respective paragraphs of complaint, which she claims resulted in a permanent physical condition. The defendant shows that he has no way of knowing whether or not the condition alleged in plaintiff's complaint was permanent and does now exist, without a physical examination of the plaintiff and that the defendant cannot interpose a full and complete defense to the claims of the plaintiff that she has a permanent and lasting condition, due to alleged negligence and wilfulness of the defendant, unless the Court orders the plaintiff to be examined as to the condition complained of in her complaint.

"The defendant shows further that the plaintiff can be examined without harm or pain to herself,

174

by a physician who is a specialist and that the fact that plaintiff has made subject in her complaint the nature of her said condition, and the very nature of her action itself does constitute a waiver by the plaintiff of her present condition that such an examination is an invasion of the privacy of her person, which the plaintiff does now assert as a reason for refusal to comply with her agreement for a physical examination.

"Petitioner shows also that the very character[1] of the plaintiff's cause of action involves intimate information concerning the plaintiff's person; that she will be required to prove her case, to testify concerning such subjects and having commenced her action with such claims and contentions and by reason of the intimate subject matter of the cause, the plaintiff cannot be embarrassed by a physical examination and the same would not constitute an invasion of the privacy of the plaintiff's person.

"The defendant shows that a refusal by the Court to permit him to have a professional disinterested witness physician examine the plaintiff as to the contentions in her complaint and discover the present conditions concerning which the plaintiff has made allegations and concerning which she will testify, will prevent the defendant from obtaining information concerning the very subject matter of this action and will constitute an abuse of the right of the defendant to have investigated the facts concerning which only the plaintiff can otherwise have knowledge and will prevent the defendant from interposing a full defense in this action.

"In order that the Court may be fully advised in the premises and as to the importance of the defendant's request and as to whether or not such an examination may be conducted without pain, harm or embarrassment to the plaintiff, and as to whether or not such an examination could disclose facts concerning the plaintiff's condition, a hearing should be had on this Petition, with evidence introduced so that the Court may be fully advised concerning the same."

The court overruled this petition without hearing evidence. Trial to a jury resulted in verdict in favor of appellee for $2500. Judgment accordingly. From that judgment appellant prosecutes this appeal, assigning several errors. In view of the conclusion we have reached, it is only necessary to consider the assigned error that the trial court erred in overruling appellant's supplemental motion for an examination of appellee.

In support of this assignment appellant makes two contentions: (1) The trial court erred in denying his supplemental petition, filed before trial, to require appellee to submit to a physical examination, when the alleged injury and the nature and extent thereof could only be discerned by objective findings of expert medical examiners, and such examination could have been made without danger to appellee's health, or the infliction of serious pain; (2) The trial court abused its discretion in arbitrarily denying his request to submit evidence in support of his supplemental petition to require appellee to submit to such examination which petition alleged the evidence to be submitted thereunder would show such examination could be made without pain, harm, injury or embarrassment to appellee.

Appellee asserts the question of whether such a motion should be granted is discretionary with the trial court, and that in this case there was no abuse of such discretion. She further contends that even if the denial of the motion was error, it was harmless.

The leading case on the question here considered, and cited by both of the parties hereto, is *The City of South Bend et al.* v. *Turner, by his Next Friend* (1901), 156 Ind. 418, 424, 432, 60 N. E. 271. In that case the trial court denied the motion of appellant for a physical examination of appellee to determine the true

character and extent of his injuries and their probable effect as to permanency upon his mind and person. In reversing the trial court, Judge Hadley, who wrote the opinion of the Supreme Court, reviewed the decisions of many jurisdictions, including earlier decisions in this state on this subject. His research indicates the great majority uphold the right of courts to require such examination under proper circumstances. He summarized the reasoning of these cases in this language, at page 427:

"These cases assert the doctrine that courts are instituted by the state to administer impartial justice to contending parties. In such contests it is the duty of the court to bestow upon the litigants equal and exact justice. This cannot be done without the court first obtaining the exact and full truth concerning the matters in controversy. Hence from this duty of the court to dispense exact justice is essentially implied all power necessary to its performance, which includes the power to make subservient to its order all persons and things that will afford the most reliable evidence."

He said these cases establish the following propositions:

"(1) That trial courts have the power to order the medical examination by experts of the injured parts of a plaintiff who is seeking to recover damages therefor; (2) that a defendant has no absolute right to demand the enforcement of such an order, but the motion therefor is addressed to the sound discretion of the trial court; (3) that the exercise of such discretion is reviewable on appeal, and correctible in cases of abuse; (4) that the examination should be applied for and made before entering upon the trial, and should be ordered and conducted under the direction of the court, whenever it fairly appears that the ends of justice require a more certain ascertainment of important facts which can only be disclosed, or fully elucidated, by such an examination, and such an examination may be made without danger to the plain-

tiff's life or health, or the infliction of serious pain; (5) that the refusal of the motion, when the circumstances appearing in the record present a reasonably clear case for the examination under the rules stated is such an abuse of discretion in the trial court as will operate to reverse a judgment for the plaintiff; (6) that such an order may be enforced, not by punishment as for a contempt, but by delaying or dismissing the proceeding."

Continuing, he said:

". . . When it becomes a question of probable violence to the refined and delicate feelings of the plaintiff on the one hand, and probable injustice to the defendant on the other, the law will not hesitate,—the court in making such orders, with respect to time, place, and persons, in every case, having such due regard for the feelings of the plaintiff and proprieties of the case as the ends of justice will permit."

While the injuries in that case were of a different nature than those in the instant case, we believe the principles which guided that decision apply with equal, and perhaps greater force to this case.

In the case of *Kokomo, Marion and Western Traction Company* v. *Walsh* (1915), 58 Ind. App. 182, 188, 198, 108 N. E. 19, relied on by appellee, the action of the trial court in overruling a motion for a second examination of appellee was before this court. In that case an examination of appellee had been made by order of the trial court a short time before the trial. At the trial appellee's physician testified as to the results of an examination he had made subsequent to this examination. Appellant immediately filed a motion requesting the court to appoint three named doctors to make another examination. This motion was denied. There was a dispute as to whether in the first examination appellee refused to permit an examination which would

involve the rupture of her hymen, or whether the doctors stated they would not ask her to submit to such an examination. It was shown such an examination could be made with a virgin speculum without injury to the hymen, but the doctors did not suggest its use at the first examination. This court held in that case the trial court had not abused its discretion because the motion was not timely filed and it named three doctors whom it asked the court to name. We cannot see how that decision aids the appellee in this case.

In the case of *City of Valparaiso* v. *Kinney* (1921), 75 Ind. App. 660, 663, 669, 131 N. E. 237, appellee claimed damages for permanent injuries which occurred December 26, 1916. On November 21, 1917 the court, pursuant to appellant's motion, appointed one doctor Leatherman to make a physical examination of appellee. The examination was made November 24, 1917. On June 20, 1919, three days before the case was tried, appellant filed a motion for a second examination to be made by physicians named by the court. This motion was overruled. In a well-reasoned opinion by Judge Batman, this court reversed the trial court on the grounds it had abused its discretion in denying the motion. The opinion indicated many of the circumstances where, to achieve the purpose of the rule as stated in *The City of South Bend et al.* v. *Turner, supra,* a second examination would be considered necessary to do justice to the parties.

It seems to us the very nature of the injuries for which appellee seeks damages brings this case within the rule announced in *The City of South Bend et al.* v. *Turner, supra.* The motion was seasonably made. It was incumbent on appellee to produce evidence as to the nature and extent of the rupture, and whether or not it caused in whole or in part a

destruction of her hymen. These facts could only be established through a physical examination by competent physicians. Such an examination could be made without danger to her life or health and without infliction of serious pain. Certainly it cannot be seriously maintained in this case that such an examination would be an invasion of her privacy or would cause her such embarrassment as to justify the denial of the motion. To maintain her case she would be required to testify as to the details of the examination out of which this action arose. The denial of the motion for a physical examination of appellee deprived appellant and the court of the best method of determining the nature and extent of appellee's alleged injuries. This was reversible error.

The record of the trial of this case demonstrates the harmfulness of this ruling. At the trial appellee testified she did not know whether or not her hymen was intact. She had had no physical examaination to determine this. Yet the jury returned a verdict for $2500. The only evidence as to the nature and extent of the rupture was the testimony of appellant that it was a slight rupture not more than a one-eighth to one-fourth of an inch cut. Appellant and another physician testified such a cut would normally heal and that if it healed an examination would disclose an intact hymen; that there might or might not be a very small scar after healing.

Judgment reversed, with instructions to sustain motion for a new trial and to grant appellant's motion for a physical examination.

Draper, J.—Not participating.

NOTE.—Reported in 84 N. E. 2d 728.