William MARSHALL, Plaintiff,

v.

Fern PETERS, Defendant.

Civ. A. No. 4978.

United States District Court
S. D. Ohio, W. D.

Oct. 24, 1962.

Robert N. Ziegler and Stephen W. Young, Cincinnati, Ohio, for plaintiff.

Melvin J. Kessel, Cincinnati, Ohio, for defendant.

JOHN W. PECK, District Judge.

In this action plaintiff seeks to recover for injuries allegedly suffered in an automobile accident, including "a whip lash sprain of the cervical spine" and extensive aggravation of "a pre-existing but non-disabling heart condition." Having by answer denied these allegations as to injury, the defendant now seeks by motion to cause the plaintiff to submit to physical "examinations" for the purpose of determining the exact nature and extent of his injuries. It is this motion which is presently before the Court.

While not requested in the motion itself, by supporting memorandum and oral argument defendant seeks to have the examinations made in this District, and by a qualified orthopedic specialist and a heart specialist separately. Plaintiff's initial resistance to the motion is based on plaintiff's residence in another district. However, judicial notice is taken of the fact that plaintiff's home is less than five miles from the offices both of this Court and of the doctors suggested, and the fact that the flowing waters of the Ohio River carry judicial district boundary between him and us neither indicate cause for hardship to the plaintiff or for otherwise denying an order, especially since the plaintiff chose Ohio for his suit.

Plaintiff further resists the motion on the ground that Rule 35(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. provide that a party may be

ordered to submit to "a physical * * * examination by a physician," but he makes no mention of the next sentence of the same Rule which provides that the Court's order shall specify "the person *or persons*" by whom the examination is to be made.

The plaintiff places reliance in the case of Red Top Cab & Baggage Co., Inc. v. Grady, 99 So.2d 871 (Fla.App.1958), cert. denied, 102 So.2d 727 (Fla.1958), which merely held that for a trial court to deny dual examination did not constitute abuse of discretion. Sharp criticism of that case is made in "Federal Practice and Procedure," 2A Barron and Holtzoff, 483, Section 822 (1961), wherein it is stated:

"* * * such a limitation is wholly inconsistent with the realities of modern medical practice. Where specialists from various branches of medicine are required, there is nothing in the rule to prevent the court from ordering examination by all of them."

A subsequent case, Pepsi-Cola Bottling Company of Miami v. Modesta, 107 So.2d 43 (Fla.App.1958), decided by the same court, is of interest. In that case, after a holding similar to that in the Red Top Cab case, supra, the court went on to point out that under appropriate circumstances more than one examining physician could be appointed.

At the other extreme is Bowing v. Delaware Rayon Co., 8 W.W.Harr. 206, 38 Del. 206, 190 Atl. 567 (1937). There, under a statute permitting multiple examinations, the court ordered examination by a general practitioner, a neurologist, a psychiatrist, a gynecologist, and a specialist in genito-urinary diseases, commenting:

"The alleged injurious results are so varied in their nature that examinations by specialists in several branches of medical science may well be required if the purpose of the statute is to be given effect."

See also Atkinson v. United Rys. Co., 286 Mo. 634, 228 S.W. 483 (1921).

A reading of Rule 35(a) does not indicate an intent to establish a single examination limitation, and where alleged injuries fall into two entirely separate areas of medical specialization, examinations by practitioners in such fields are held to be authorized under the Rule.

In accordance with the foregoing, it is concluded that defendant's motion to require the plaintiff to submit to physical examinations is well taken, and plaintiff having raised no objections as to the specialists suggested by the defendant, they may be designated in the order granting the motion.