Bonnie LITTLE, Plaintiff,
v.
Donald Ray HOWEY, Defendant.

Civ. A. No. 1744.

United States District Court
W. D. Missouri,
Southwestern Division.

April 1, 1963.

Buehner & Thomas, by Elroy S. Thomas, Joplin, Mo., for plaintiff.

McReynolds, Flanigan & Flanigan, by George M. Flanigan, Carthage, Mo., for defendant.

BECKER, District Judge.

This is a suit for damages alleged to have resulted from personal injuries.

On August 9, 1962, the plaintiff was ordered to submit to an examination by a physician and other persons to be selected by the defendant. The plaintiff submitted to an examination by an orthopedist chosen by the defendant. Although the petition for damages alleged nerve injuries, the defendant did not designate a neurosurgeon to participate in the original examination as he might have done. The wording of the original order was deliberately written so as to provide for this.

Because there seems to be some confusion concerning the right to have more than one medical expert participate in the examination, a supplemental examination will be ordered in this case as a part of the original examination.

Ordinarily the examination under Order of Court (like that of August 9, 1962) should be made by the designated examining physician with the assistance of such other specialists, technicians and assistants as may necessarily be required in the judgment of the examining physician and in light of the complaints of the plaintiff. This examination should be conducted in accordance with current medical practice in the diagnosis of similar cases not involving litigation. The examination should cover all claims of injury being made by the plaintiff. More than one person may participate therein. Marshall v. Peters (S. D.Ohio) 31 F.R.D. 238; 4 Moore, Federal Practice ¶ 35.04, pp. 2558–60; 2A Barron & Holtzoff, Federal Practice and Procedure, § 822, p. 483.

If defendants choose a competent physician to make the examination, such other persons may be designated to assist as would be required in a similar examination for diagnosis in the ordinary course of the medical practice.

Because of the lack of clear judicial authority in this District for examination by more than one specialist, defendant's failure to secure examination by a neurologist at the time of the original examination is excused.

For the reasons stated it is hereby

ORDERED that the plaintiff submit to examination by a neurologist chosen by the defendant, at defendant's expense and at a time within 20 days of the date of this order mutually convenient to the plaintiff and the neurologist. It is further

ORDERED that the neurologist report his findings in writing to the original examining orthopedic physician and surgeon for inclusion in his report.

Any disagreement concerning the time and place of said examination shall be reported to the Court for settlement by further order.