**Norman MAYER, Plaintiff-Appellant,**

v.

**ILLINOIS NORTHERN RAILWAY, a corporation, Defendant-Appellee.**

**No. 14060.**

United States Court of Appeals Seventh Circuit.

Oct. 10, 1963.

Rehearing Denied Nov. 13, 1963.

James A. Dooley, Chicago, Ill., for plaintiff-appellant.

John J. Schmidt, Floyd Stuppi, Gus Svolos, Chicago, Ill., for defendant-appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

Plaintiff-appellant brought this action under the Federal Safety Appliance Act against his employer, Illinois Northern Railway, to recover for personal injuries suffered while plaintiff was working in his capacity as switchman.

The case was tried before a jury which returned a verdict of $10,000 for plaintiff upon which the court entered judgment. Plaintiff appeals from such judgment.

The record discloses that special damages sustained by the plaintiff amounted to about $750.00 total for medical expenses. Plaintiff's claim for additional damages is predicated upon his contention that loss of wages amounted to $11,-183.20, and is based on pain and suffering, use of crutches for four months and permanency and extent of arthritic processes activated by the trauma to the knee and the effect of the injury on plaintiff's general condition of well being.

■ The basic issue presented by plaintiff's appeal is whether the trial court abused its discretion, as a matter of law, in overruling the plaintiff's motion for a new trial. Absent prejudicial error adversely affecting the substantial rights of the plaintiff—inconsistent with substantial justice—the ruling of the District Court must stand. Rule 61, Fed.Rules of Civil Procedure (28 U.S.C.A.).

The main errors complained of by the plaintiff are:

(1) That the verdict of the jury was inadequate and ignored or overlooked elements of damages fully proved.

(2) The trial court erred in ordering a second impartial medical examination.

■ In determining whether a verdict is inadequate plaintiff's damages should be computed upon the basis most favorable to the defendant. Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474 at 480, 53 S.Ct. 252 at 253–254, 77 L.Ed. 439; Flener v. Louisville & N. R. Co., 7 Cir., 198 F.2d 77 at 80.

Viewing the plaintiff's damages in a light favorable to the defendant, but still giving plaintiff the benefit of several doubts, the following damages were proven at trial:

| | |
|---|---|
| Hospital bill | $ 399.56 |
| Doctor's bill | 350.00 |
| Initial period of time loss— | |
| 13 weeks at $20.99 per day | 1,364.35 |
| Second period of time loss— | |
| 30 weeks at $21.23 per day | 3,184.50 |
| | $5,298.41 |

■ The second period of time loss is based on the testimony of plaintiff's own physician, who testified that he felt plaintiff was ready to return to work in February or March of 1960, approximately 30 weeks after the operation. From the testimony of the examining doctors who evaluated plaintiff's condition the jury was warranted in finding that after that time plaintiff could do his regular work, work as a locomotive fireman or a towerman, or do many types of ordinary work.

■ In this case there is a conflict in the evidence on the nature and extent of plaintiff's alleged injuries and damages. On the record before us this court cannot say as a matter of law or fact that the jurors were activated by passion, prejudice or corrupt motive, or that they committed a gross error or that the trial court committed a clear or manifest abuse of sound judicial discretion in denying plaintiff's motion for a new trial.

Rule 20 of the Civil Rules of the United States District Court for the Northern District of Illinois provides (a) for "an examination" (physical, medical, psychiatric, either or all) by an impartial medical expert or experts.[1] Under its provisions Dr. Thomas D. Hall was designated as the first impartial medical examiner.

During the course of the pretrials, plaintiff let it be known that it was the opinion of Dr. Robert G. Addison, an orthopedic surgeon, to whom plaintiff had been referred by his counsel, that he should have his left patella removed. This was defendant's first notice of this claim. The first impartial medical exami-

---

1. "Rule 20. Impartial Medical Testimony.

"(a) Prior to the date set for the commencement of the trial of any personal injury suit, an examination (physical, medical, psychiatric, either or all) of the injured person, together with a report thereon, by an impartial medical expert or experts may be ordered.

"1. By a judge on his own motion, or

"2. On the motion of counsel for either party after a hearing thereon, if a hearing is requested, if, in the judgment of the court such an order will be in the interest of justice and will materially aid in the just determination of

the cause. The granting or withholding of such an order shall be entirely discretionary with the court. A copy of the report of examination shall be given to the court and to the attorneys for the respective parties.

"Should the judge, at any time during the trial of the cause, consider it advisable, he may, in his discretion, and on his own motion, order such an examination and report.

"Any examination ordered shall be made by a member or members of a panel of examining physicians designated for his or their particular qualifica-

nation was sought by defendant primarily for the purpose of determining necessity for such removal.

Dr. Hall's report was devoid of any mention of the future fate of plaintiff's left patella; it left the conflict for which the case was referred to him unresolved. In addition, the doctor's findings were so predicated upon the history given by plaintiff and his subjective complaints that the parties were not apprised of what the doctor's opinion would be in court where he would be limited to testifying to objective findings.

The defendant pursuant to Rule 20 again petitioned the court for the appointment of another impartial medical examiner. The court granted such motion and re-referred the case to the Illinois State Medical Society, pursuant to Rule 20(a)(2). Dr. Sidney Sideman was then designated by the Society to conduct the second examination. Counsel for the plaintiff strenuously objected to the appointment of a second impartial medical examiner. Both testified at the trial as did other medical witnesses called by the parties.

We are of the opinion that the court pretty well summed up his reason for ordering a second impartial medical examination by the following remarks between plaintiff's counsel, Mr. Dooley, and the court:

"Mr. Dooley: * * * Of course, they had nothing to lose by coming in here and getting a second report,

and if that is true then any time you get an adverse report you could come in and ask for a second report."

"The Court: Not in my court you can't, and if the situation hadn't been presented to me that this report, as written, indicated it was largely based on history and subjective symptoms, and if it hadn't been indicated to me that the necessity for an impartial medical in the first place was a question of the removal of the patella, they wouldn't have got a second examination before me. Nobody is coming in to my court and get another impartial medical examination because they do not like the findings in the first one."

■ We are of the opinion that Rule 20 of the Civil Rules of the United States District Court for the Northern District of Illinois under the facts in this case gave the court authority to require a second impartial medical examination, and that by so doing he did not abuse his discretion.

We have considered other contentions made by the plaintiff, but in the light of a careful examination of the record, and its appraisal under pertinent legal principles, we conclude that no legal error intervened which either prejudicially affected a substantial right of the plaintiff or deprived him of a fair trial.

The judgment order of the District Court is affirmed.

Affirmed.

tions by the Illinois State Medical Society after consultation with the court.

"(b) At the termination of the case in this court, the trial judge shall fix the compensation of the expert or experts and, unless otherwise directed by the court, such compensation shall be taxed as costs and paid by order of court. The judge, in his discretion, may. direct that the parties, or either of them, deposit with the Clerk of the Court security in a

specified amount which may be used for the payment of such compensation.

"(c) In the event that the case shall go to trial after such examination and report have been made, or that trial shall be resumed, then either party or the court may call the examining physician or physicians to testify, in which event additional compensation may be allowed and taxed as costs as aforesaid."