Irene VOPELAK et al., Plaintiffs,
v.
Rea Mildred WILLIAMS et al.,
Defendants.

No. C 67–8.

United States District Court
N. D. Ohio, W. D.

Aug. 4, 1967.

Kaplan, Kaplan & Lehman, Toledo, Ohio, for plaintiffs.

Shumaker, Loop & Kendrick, Toledo, Ohio, for defendants.

## MEMORANDUM
## RE MOTION FOR PHYSICAL EXAMINATION

DON J. YOUNG, District Judge.

Defendants have moved for an order requiring the plaintiff Irene Vopelak to submit to a physical examination by a doctor and a dentist of this city. Plaintiffs object, contending that this plaintiff was examined by a doctor and a dentist in New York City at the request of defendants' insurance carrier some three months after the occurrence of the accident.

It is the plaintiffs' position that Rule 35(a) of the Federal Rules of Civil Procedure, which provides that the court may order physical examinations for good cause shown, applies only where the party requesting it has not had the benefit of a physical examination and requires the same in order to be apprised of the nature of the injuries and the defense which is acquired. They cite no authority for this position. Further-

more, they contend that even if the change in physical condition would warrant further examination, it should be conducted by the same physicians.

Defendant contends that the Rule does not limit the number of examinations which may be had, and that if the circumstances warrant it, the court may order more than one examination, particularly if there is any claim that there have been changes in the physical condition of the party to be examined. Defendant cites Ishler v. Cook, 299 F.2d 507 (7th Cir. 1962) and Marshall v. Peters, 31 F.R.D. 238 (S.D.Ohio 1962) as authority for its position.

The question involved is an interesting one, but upon which there is little authority. Neither of the cases cited by defendant is strictly in point to the present issue. The *Marshall* case is simply one of a line of cases holding that where the injuries fall into entirely separate areas of medical specialization, separate examinations by practitioners in such fields are permitted. See also, Little v. Howey, 32 F.R.D. 322 (W.D.Mo.1963); Bowing v. Delaware Rayon Co., 8 W.W. Harr. 206, 190 A. 567 (Del.Super.Ct. 1937). Ishler v. Cook, supra involved the question of whether defendants' doctor could verify his measurements of plaintiff's legs in the presence of the jury. A complete examination was not requested.

■ This Court will attempt to outline some of the cases involving the question of repeated medical examinations by doctors in the same field of specialization. At the outset, it should be noted that several states have provisions substantially similar to Rule 35.[1] Furthermore, the majority of states have held that the courts have inherent power to order an examination of a personal injury plaintiff to determine the extent of injury. Rule 35 was adopted to conform the federal practice to the state practice. See 4 Moore, Federal Practice 2552–53 (2d ed. 1963). Therefore, state decisions as well as federal can be helpful in applying the federal rule.

In City of Valparaiso v. Kinney, 75 Ind.App. 660, 131 N.E. 237 (1921), the trial court had held that it had no authority to order a second examination. The appellate court reversed, holding that the same reasons which lead courts to order physical examinations in the first instance afford ample justification for a further examination. An amendment of the complaint to allege additional injuries, a long period of time intervening between the examination and trial, or the refusal of plaintiff to submit fully to the first examination are all reasons which might justify further examination.

In Roskovics v. Ashtabula Water Works, Co., 86 Ohio Law Abs. 251, 174 N.E.2d 295 (Ohio Com.Pl.1961) plaintiff had voluntarily submitted to an examination at the request of defendant. The defendant sought a second examination by a different doctor on the basis that plaintiff's condition had deteriorated materially since the original examination. The court ordered plaintiff to submit to the second examination stating that such examinations should not be allowed merely to obtain cumulative evidence but that the circumstances of the particular case warranted this extraordinary procedure. However, the court held that the examination must be made by the same doctor who performed the initial examination since he would be in a more advantageous position to diagnose the permanency of the injuries than a doctor who would not have the advantage of prior examination findings.

The court in Mayer v. Illinois Northern Ry., 324 F.2d 154 (7th Cir. 1963) held that a second impartial examination was authorized under a rule of the local court where the first one was not ade-

1. For a complete listing see 2A Barron & Holtzoff, Federal Practice and Procedure 476 (Wright ed. 1961).

quate in that the report did not cover all plaintiff's injuries. In Benning v. Phelps, 249 F.2d 47 (2d Cir. 1957), the plaintiff, at defendant's request, voluntarily submitted to a physical examination by a physician of defendant's choice prior to the commencement of the suit. Later, after suit was filed, defendant moved to require an additional examination. Plaintiff objected but the trial court granted the motion. On appeal, the court did not discuss this problem, but the case does indicate that there is some authority for a second examination.

█ It seems fair to say that under certain circumstances, a second examination is authorized by the rule, but the court should require a stronger showing of necessity before it will order such repeated examination. In Schlagenhauf v. Holder, 321 F.2d 43 (7th Cir. 1963) vacated on other grounds 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed. 152 (1964), the court said in dictum that "the number of examinations ordered should be held to the minimum necessary considering the party's right to privacy and the need for the court to have accurate information. Some cases can be found where the second examination has been refused. Rutherford v. Alben, 1 F.R.D. 277 (S.D. W.Va.1940); Murdaugh v. Queens-Nassau Transit Lines, Inc., 280 App.Div. 826, 113 N.Y.S.2d 804 (1952); Enyart v. Sante Fe Trail Transportation Co., 241 S.W.2d 268 (Mo.1951). The reason generally given is that there had been no showing of a change in the situation.

█ From the cases discussed above, it is clear that each case must be decided on its own facts. This Court, however, has no difficulty in reaching the conclusion that the defendants' motion in this case must be allowed, and the plaintiff Irene Vopelak required to submit to examination by a physician and a dentist in the city where this Court sits.

█ The Federal Rules of Civil Procedure were not designed for playing games. They are intended to get issues resolved speedily, efficiently, and justly. In actions for damages for personal injuries, the nature and extent of the injuries is a major issue. This issue can be resolved only by expert testimony. The experts who can provide that testimony ought to do so in open court, in the presence of the triers of the fact. These experts, however, are busy and in short supply. A trial court is well aware of the difficulties of getting them before it.

The plaintiff has a right to select the forum. Having made that selection, plaintiff has no right to undertake to handicap the search for truth by requiring the defendant to rely solely upon the testimony of witnesses that it cannot practically produce in court, and who examined plaintiff even before the commencement of the suit. Unless the defendants can have plaintiff examined by local doctors, they will have at most the depositions of the remote doctors who examined plaintiff before ever this case was filed. There is no sound reason that would dictate such a result.

█ Neither is there any sound reason that would limit a party to one examination of another party. The rule very wisely says that there must be good cause shown before an examination can be ordered. It says no more than that. Although in this case it has only been a little over a year since the injuries were suffered, there have been representations of changes in the physical condition of plaintiff. Certainly, the injured party would not expect to go to trial without an up-to-date examination by his own physician. Upon what logic should the opposing party be denied the right to be equally well prepared to present the issue?

The Court does note that the plaintiffs have not been furnished with copies of the reports of the doctors who previously examined the plaintiff whose reexamination is sought. As a condition of granting reexamination, the Court requires the defendants to furnish the

plaintiffs with copies of the reports of both sets of examinations. The plaintiffs also would be well advised to furnish copies of the reports of their own doctors to the defendants.

The defendants may prepare and submit an order accordingly.