**William E. LEWIS, Plaintiff,**

v.

**NEIGHBORS CONSTRUCTION COMPANY, Inc., Defendant.**

**Civ. A. No. 17625-3.**

United States District Court,
W. D. Missouri, W. D.

Dec. 12, 1969.

---

Albert J. Yonke, of Yonke, Shackelford & Fox, Kansas City, Mo., for plaintiff.

William Sparks, of Linde, Thomson, VanDyke, Fairchild & Langworthy, Kansas City, Mo., for defendant.

ORDER FOR PLAINTIFF TO SUBMIT TO MEDICAL EXAMINATION UNDER RULE 35, F.R.CIV. P.

BECKER, Chief Judge.

This is a diversity action in which the plaintiff alleges that his left hand, arm, wrist and fingers "were severely and permanently injured and impaired" by

the failure of a guard on a saw which he operated while in the employ of the defendant. Plaintiff seeks to recover on the theories both of implied warranty and negligence.

■ Defendant has moved for a medical examination of plaintiff under Rule 35, F.R.Civ.P., which provides as follows:

"(a) *Order for Examination.* In an action in which the mental or physical condition of a party is in controversy, the court in which the action is pending may order him to submit to a physical or mental examination by a physician. The order may be made only on motion for good cause shown and upon notice to the party to be examined and to all other parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."

Plaintiff, however, resists the motion on the grounds that he has previously been subjected to a medical examination by defendant pursuant to Kansas discovery procedure in connection with a case filed in the District Court of Wyandotte County, Kansas, involving the same parties and same claim. Although jurisdiction apparently first attached in the state court, the action appears to be *in personam,* so that this Court may not dismiss on the basis of priority of jurisdiction. See 20 Am.Jur.2d Courts § 135. Nevertheless, plaintiff's opposition to the motion for a physical examination of him is without merit and the motion should therefore be granted upon a showing of good cause by the defendant.

Plaintiff states that it would be unjust and unfair to have him undergo an examination by a second physician; that he is "ready and willing to be re-examined by Dr. [Ivan] Cain" who previously examined him in the Kansas case; and that examination by a new physician would only allow defendant to obtain "an advantage in the Medical testimony."

■ Defendant states that it has been two years since the examination by Dr. Cain and that possible improvement (or decline) in plaintiff's physical condition may well have taken place since then. Further, good cause may consist in plaintiff's having placed his physical injury in controversy. See Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152. The fact that plaintiff has, in another state two years ago, been subjected to a previous examination of the same condition in another case is no bar to the granting of a second examination. Rule 35 does not limit the number of examinations. Even when an examination has been previously ordered in the same case, a subsequent examination may be ordered if the Court deems it necessary. 4 Moore's Federal Practice ¶ 35.04, p. 2566, n. 3. Defendant proposes that the examination be by Dr. Charles Clough of the Neurosurgery Department, University of Kansas Medical Center, 39th and Rainbow, Kansas City, Kansas. This examination should not result in any evidentiary prejudice to the plaintiff when any cumulative evidence may be the subject of objection, comment, or both, by the plaintiff at the trial.

It is therefore

Ordered that plaintiff submit to a medical examination by a physician selected by defendant at the time and place to be specified by defendant on 5 days' reasonable notice to plaintiff within 20 days of the entry of this order, and that such examination be for the purpose of ascertaining the current condition of plaintiff's alleged physical injury which is the subject of this action.