**Bernard STINCHCOMB, Jr., Christine Stinchcomb and Bernard Stinchcomb, III**

v.

**UNITED STATES of America.**

**Civ. A. No. 88–8757.**

United States District Court, E.D. Pennsylvania.

Aug. 22, 1990.

James J. Neal, Hudson, Ohio, for plaintiffs.

Barbara Koppa Gerolamo, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

WALDMAN, District Judge.

Presently before the court is defendant's motion pursuant to Fed.R.Civ.P. 35(a) to compel a physical examination of the minor plaintiff in this case.

Plaintiffs are seeking damages for minor plaintiff's brain damage and retardation which they allege resulted from negligent neonatal care by physicians employed by the defendant. The defendant states that one of the defenses it will proffer is that the condition complained of is congenital.

The defendant is asking that the minor plaintiff, age ten and a resident of New York City, submit to a physical examination in San Diego, California by a geneticist and pediatric neurologist selected by the defendant. It is uncontested that the nature and cause of minor plaintiff's condition is "in controversy" within the meaning of Rule 35.

Defendant contends that good cause for the examination exists because their geneticist believes that appropriate testing "may well" reveal a genetically determined disease. Defendant contends that the examination must take place in San Diego because their expert, a renowned geneticist, maintains a trained staff and specialized equipment there without which the integrity of the results cannot be assured.

The plaintiffs contend that good cause does not exist for conducting most of the proposed medical tests and procedures of which they allegedly were apprised for the first time several days ago. This, say plaintiffs, is because appropriate metabolic testing performed on minor plaintiff in the past has not revealed any genetic disorder and because the many physicians, including prominent experts and several doctors employed by defendant, who have treated minor plaintiff over a ten-year period felt that the type of testing now proposed was not medically indicated. They focus particularly on the hypothesis of defendant's expert that minor plaintiff likely suffers from a genetically determined disease which medical science has yet to identify, in stressing how tenuous the need is for this examination.

Plaintiffs also contend that any need for the proposed tests is outweighed by the physical pain, emotional stress and safety risks associated with them and inherent in requiring someone in minor plaintiff's condition to travel across the country. In particular, they object to a proposed spinal tap, a painful invasive procedure which entails risk of further injury; a proposed MRI brain scan for which minor plaintiff would have to be heavily sedated despite existing CAT scans that defendant's expert allegedly never reviewed; and, a battery of less invasive tests which they contend would necessitate rendering the subject immobile for lengthy periods. They also contend that forcing minor plaintiff who is prone to tantrums and physically self-destructive behavior to endure a trip to California is an unacceptable ordeal in and of itself. Plaintiffs do not object to a physical examination or blood and urine testing performed by a reputable professional in New York City or Philadelphia.

 The movant has no absolute right to an examination by a particular physician of his choice. Wright & Miller, *Federal Practice and Procedure: Civil* § 2234. The court may require a showing of medical acceptance and safety, and may weigh the need for a procedure against the pain and safety risks associated with it. *Id.* at § 2235. Even when good cause is shown, whether to order a proposed examination is committed to the discretion of the court. *Hardy v. Riser,* 309 F.Supp. 1234, 1241 (N.D.Miss.1970).

 The defendant has submitted two recent letters from their expert, Dr. William Nyhan, which describe the proposed tests and the purpose therefor. The plaintiffs have submitted only an undated, unsigned, unsworn statement apparently prepared by a Dr. Constance Battle which outlines minor plaintiff's symptoms but sheds little light on the need for or possible alternatives to the tests proposed by defendant's expert.

The court is reluctant to subject a ten-year-old retarded child with behavioral problems to lengthy, invasive, painful and stressful testing absent a clear and convincing showing of a compelling need. At

the same time, the court is reluctant to hinder the defense if such a showing can be made. It is the plaintiffs who initiated this action seeking millions of dollars in damages. It would not be fair to permit a plaintiff routinely to rely on the very condition of which he complains to defeat a defendant's ability to prove that he did not cause that condition.

The court does not believe that it has an adequate record on which to weigh the various contentions. The court cannot rely on conclusory statements in briefs by counsel. Thus, the court will extend the discovery deadline for the sole and limited purpose of conducting an examination of minor plaintiff, should such be ordered, will set a hearing date and direct that appropriate affidavits or testimony be presented.

ACCORDINGLY, this 22nd day of August, 1990, upon consideration of defendant's motion to compel a physical examination and plaintiffs' response thereto, IT IS HEREBY ORDERED that a hearing on said motion will be held on September 14, 1990 at 2:00 p.m., at or before which time the parties will be required to submit any evidence they wish to have considered; and, the August 24, 1990 discovery deadline is extended to a date to be set at said hearing, for the sole and limited purpose of conducting a physical examination, should one be ordered, and of exchanging any reports of the results thereof.