**Marjorie MOORE**

v.

**CALAVAR CORPORATION.**

**Civ. A. No. 89–2819.**

United States District Court,
W.D. of Louisiana,
Lafayette–Opelousas Division.

April 14, 1992.

Allen Ingram, Lafayette, for Marjorie Moore.

William F. Page, Lafayette, for Calavar Corp.

### RULING RE MOTION TO COMPEL

TYNES, United States Magistrate Judge.

Now pending before the Court is the Motion of Calavar Corporation ("Calavar") to Compel a Second Independent Medical Examination of the plaintiff by Dr. James C. McDaniel. Plaintiff objects to a second examination on two grounds, including (1) the first examination by Dr. McDaniel occurred only nine months ago on June 12, 1991; and (2) there has been no change in the plaintiff's physical complaints since June 12, 1991.

Rule 35(a) of the Federal Rules of Civil Procedure requires that a moving party show "good cause" and that the condition to be examined be "in controversy" before a party may be ordered to undergo examination. It is undisputed in this case that the plaintiff's condition is "in controversy" and that the initial independent medical examination conducted in June 1991 was supported by "good cause". The issue presented here is whether good cause has been shown to support a second independent medical examination by Dr. McDaniel. Rule 35 does not establish a limitation on the number of examinations to which a party may be subjected. Nor would such a limitation be a judicious one. Each request for an independent medical examination must turn on its own facts, and the number of examinations to which a party may be subjected depends solely upon the circumstances underlying the request. Because the standards established by Rule 35 are flexible, the resolution of the pending motion rests within the sound discretion of the

trial court. *Teche Lines v. Boyette,* 111 F.2d 579 (5th Cir.1940).

Examples of circumstances which have been held sufficient to justify second examinations include: (a) separate injuries calling for examination by distinct medical specialties[1]; (b) where a physician requires assistance of other consultants before he can render a diagnosis[2]; (c) where the first examination was not adequate or complete[3]; and (d) where a substantial time lag occurred between the initial examination and the trial[4]. The following comments of the *Vopelak* court regarding second examinations are worth repeating here:

> "In *Schlagenhauf v. Holder,* 321 F.2d 43 (7th Cir.1963) vacated on other grounds 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964), the court said in dictum that 'the number of examinations ordered should be held to the minimum necessary considering the party's right to privacy and the need for the court to have accurate information'. Some cases can be found where the second examination has been refused. *Rutherford v. Alben,* 1 F.R.D. 277 (S.D.W.Va.1940); *Murdaugh v. Queens–Nassau Transit Lines, Inc.,* 280 App.Div. 826, 113 N.Y.S.2d 804 (1952); *Enyart v. Sante Fe Trail Transportation Co.,* 241 S.W.2d 268 (Mo.1951). *The reason generally given is that there had been no showing of a change in the situation.*" (emphasis added).

42 F.R.D. at 389.

In the pending case the only allegation of change is that Drs. Domingue and Blanda[5] have changed their opinions regarding plaintiff's need for surgery. There is no allegation of a change in the plaintiff's complaints or in the clinical findings since June 1991. Instead, it appears based on the current record that the reason for the

---

1. See *Marshall v. Peters,* 31 F.R.D. 238 (D.C.Ohio 1962).

2. See *Little v. Howey,* 32 F.R.D. 322 (W.D.Mo. 1963).

3. See *Mayer v. Illinois Northern Ry.,* 324 F.2d 154 (7th Cir.1963); *Strasser v. Prudential Ins. Co.,* 1 F.R.D. 125 (W.D.Ky.1939).

4. See *Vopelak v. Williams,* 42 F.R.D. 387 (D.C.Ohio 1967); *Lewis v. Neighbors Constr. Co.,* 49 F.R.D. 308 (D.C.Mo.1969); see also *Schopler,* 13 L.Ed.2d 992, § 4c, Annotation—Constitutionality and Construction of Federal Civil Procedure Rule 35 and Admiralty Rule 32(a).

5. Drs. Domingue and Blanda are plaintiff's treating physicians.

**136**

change in recommended treatment rests upon diagnostic test results.

While Calavar is equally entitled to be well prepared to address the issue of the plaintiff's physical condition and need for surgery at trial, there has been no showing to date that a second physical examination by Dr. McDaniel would shed any clarifying light upon the dispute. Accordingly, I find that Calavar has failed to show good cause to support a second independent medical examination by Dr. McDaniel, and Calavar's motion is, therefore, DENIED WITHOUT PREJUDICE at this time.

In order to protect Calavar's right to be equally well prepared at trial, plaintiff's counsel is ORDERED to produce all relevant diagnostic test results, including original films, or accurate copies thereof, to defense counsel for examination by Dr. McDaniel within twenty (20) days following the date of this order.

See also 789 F.Supp. 828.