Nagesh SHIRSAT

v.

**MUTUAL PHARMACEUTICAL COMPANY, INC.**

**Civil Action No. 93–3202.**

United States District Court,
E.D. Pennsylvania.

Oct. 16, 1996.

Hyman Lovitz, Sidney L. Gold, Lovitz & Gold, Philadelphia, PA, Mark E. Belland and Justin T. Loughry, Tomar, Simonoff, Adourian and O'Brien, Haddonfield, NJ, for Plaintiff.

Margaret A. McCausland, Richard S. Meyer, Blank, Rome, Comisky & McCauley, Sean M. Halpin and John F. Smith, III, Reed Smith Shaw & McClay, Philadelphia, PA, for Defendant.

Debra Leanne Wrobel Cohn, U.S. Attorney's Office and James G. Sheehan, Assistant U.S. Attorney—Civil Division, Philadelphia, PA, for Movant.

### MEMORANDUM AND ORDER

HUTTON, District Judge.

Presently before the Court are Defendant's Motion to Compel an Independent Psychiatric Examination of Plaintiff pursuant to Rule 35 of the Federal Rules of Civil Procedure, and Plaintiff's opposition thereto.

## I. BACKGROUND

In this action, the plaintiff, Nagesh Shirsat ("Shirsat"), seeks to obtain damages for psychiatric harm resulting from the alleged wrongful termination of his employment with the defendant, Mutual Pharmaceutical Company, Inc. ("Mutual"), on April 30, 1992. Both parties concede that a psychiatric condition is "in controversy." The defendant wishes to have the plaintiff examined by a psychiatrist of its choice, Dr. Timothy Michals. The plaintiff does not object to an independent examination, but requests that the Court impose certain conditions on such an examination. Specifically, the plaintiff requests that the Court allow the plaintiff to have an observer present during the examination by Dr. Michals. The plaintiff also requests that the Court not allow Dr. Michals to administer a psychiatric test called the Minnesota Multiphasic Personality Interview ("MMPI") because the test is objective and the plaintiff's psychiatrist has already performed the test.

## II. DISCUSSION

### A. Legal Standard Under Rule 35

Rule 35(a) of the Federal Rules of Civil Procedure states as follows:

When the mental or physical condition ... of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Fed.R.Civ.P. 35(a). In *Schlagenhauf v. Holder*, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964), the United States Supreme Court provided that

Rule 35 ... requires discriminating application by the trial judge, who must decide,

as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of "in controversy" and "good cause," which requirements ... are necessarily related.... [These requirements] mean[ ] ... that the movant must produce sufficient information, by whatever means, so that the district judge can fulfill his function mandated by the Rule. *Id.* at 118–19, 85 S.Ct. at 243.

■ Nevertheless, even when good cause is shown, whether to order a proposed examination is committed to the discretion of the court. *Great West Life Assurance Company v. Levithan,* 153 F.R.D. 74, 76 (E.D.Pa.1994); *Stinchcomb v. United States,* 132 F.R.D. 29, 30 (E.D.Pa.1990); *Hardy v. Riser,* 309 F.Supp. 1234, 1241 (N.D.Miss.1970).

■ In the instant matter, the parties both concede that the plaintiff's psychiatric condition is "in controversy." (See Def's Memo. in Supp. of Motion at 7; and Pl's Memo. in Oppos. to Motion at 1). Therefore, this Court must only address whether there is good cause for granting a psychiatric examination of the plaintiff as proposed by the defendant. The plaintiff does not dispute that a mental examination under Rule 35 is appropriate. The plaintiff, however, opposes defendant's motion in order to request that the Court impose certain restrictions on the examination of the plaintiff. Specifically, the plaintiff requests: (1) that an observer designated by the plaintiff be present at the defense's examination of the plaintiff; and (2) that the plaintiff not be subjected to the MMPI or any other psychological test that would be duplicative of tests that have already been administered to the plaintiff.

Because the psychiatric condition of the plaintiff is in controversy and the parties concede that a mental examination by the defendant's psychiatrist is appropriate under Rule 35, this Court grants the defendant's motion for the mental examination. With respect to the plaintiff's request that an observer be present during this examination,

this Court denies the request. Furthermore, this Court denies the plaintiff's request to preclude the defendant from administering the MMPI to the plaintiff.

## B. *Plaintiff May Not Have Observer Present in Examination*

■ The plaintiff contends that an independent observer [1] should be given permission to be present during the defense's examination of the plaintiff because the defendant's psychiatrist, Dr. Timothy Michals, is not neutral, and the plaintiff has difficulty with English. The defendant objects to this request because it contends that an observer could disrupt the examination and create an adversarial atmosphere. Furthermore, the defendant argues that such a request should be denied because the plaintiff has not, and cannot, question Dr. Michals' credentials or professionalism such as to justify such protection.

This Court denies the plaintiff's request for an observer during the defense's examination of the plaintiff. This Court finds that an observer, court reporter, or recording device, would constitute a distraction during the examination and work to diminish the accuracy of the process. The plaintiff cites *Lowe v. Philadelphia Newspapers, Inc.,* 101 F.R.D. 296 (E.D.Pa.1983) in support of its proposition that an observer is appropriate. In *Lowe,* the court stated "that plaintiff may have a psychiatrist or other medical expert of her own choosing present during [the defendant psychiatrist's] examination, but such person shall be there solely as an observer and not for the purpose of advising plaintiff during the examinations." *Id.* at 299. This Court declines to follow *Lowe.*

Instead, this Court adopts the decisions promulgated in *Duncan v. Upjohn Company,* 155 F.R.D. 23, 27 (D.Conn.1994) and *Galieti v. State Farm Mutual Automobile Insurance Company,* 154 F.R.D. 262, 265 (D.Colo.1994), where the courts denied the plaintiff's request to have an observer pres-

---

1. The plaintiff proposes that an observer in the form of plaintiff's personal psychiatrist, a court reporter, or a recording device is warranted dur-

ing the independent psychiatric examination of the plaintiff. (See Pl's Memo. in Oppos. to Motion at 9).

ent.[2] In *Duncan*, the court noted that because the defendant's doctor "does not propose to use unorthodox or potentially harmful techniques in his examination of Mr. Duncan, ... there is no need for any of plaintiff's physicians or other mental health professionals to be present during the examination...." 155 F.R.D. at 27. In *Galieti*, the court denied the plaintiff's request for an observer during an examination of the plaintiff by the defendant's doctor finding that the "[p]laintiff has presented nothing that indicates that [Defendants' Doctors] will be less than impartial, other than that they have been hired by Defendants." 154 F.R.D. at 265.

In the instant case, the plaintiff has not made any allegations of unorthodox or potentially harmful techniques employed by Dr. Michals, nor presented any evidence that indicates Dr. Michals is biased, other than that he was hired by the defendant. This Court finds that the need for effective psychiatric examinations militates against allowing an observer who could potentially distract the examining psychiatrist and examinee thereby compromising the results of the examination. Moreover, the presence of the observer interjects an adversarial, partisan atmosphere into what should be otherwise a wholly objective inquiry. *See Jacob v. Chaplin*, 625 N.E.2d 486, 492 (Ind.App.1993). Additionally, it is recognized that psychological examinations necessitate an unimpeded, one-on-one exchange between the doctor and the patient. *Tomlin v. Holecek et al.*, 150 F.R.D. 628, 632 (D.Minn.1993); *Cline v. Firestone*, 118 F.R.D. 588, 589 (S.D.W.Va. 1988); *Brandenberg v. El Al Israel Airlines*, 79 F.R.D. 543, 544 (S.D.N.Y.1978); *Swift v. Swift*, 64 F.R.D. 440, 443 (E.D.N.Y.1974). The Court finds that the presence of an

observer would lend a degree of artificiality to the examination that would be inconsistent with the applicable professional standard. *See Tomlin*, 150 F.R.D. at 632.

"Ultimately, it is for the Court and the Jury to assure that the evalutory framework of Rule 35 is not misused or abused." *Id.* at 633. Any objections the plaintiff may have concerning the propriety of the examination can be submitted to the Court for resolution. *See id.* Also, the plaintiff will be able to underscore, through cross-examination, the weaknesses of the defendant's psychiatrist's testimony that should discredit its believability. *See id.*

Finally, if this Court endorsed the presence of an observer during the examination, the Court would be encouraging the infusion of the adversary process into the psychiatrist's examining room to an extent which is inconsistent with the just, speedy and inexpensive resolution of civil disputes. *See id.*

Consequently, this Court denies the plaintiff's request that an observer be present when the plaintiff is being examined by the psychiatrist chosen by the defendant.

## C. Defendant Is Allowed To Conduct The Minnesota Multiphasic Personality Interview

■ The plaintiff contends that the Court should preclude the defendant from administering the MMPI on the plaintiff because it is an objective test that has already been administered to the plaintiff by his psychiatrist. The plaintiff asserts that additional testing "would be needlessly duplicative, cumulative, or invasive." *See Peters v. Nelson*, 153 F.R.D. 635, 638 (N.D.Iowa 1994).

The defendant, however, argues that it should be given a chance to conduct its own

---

**2.** There is a split in approaches on this issue. First, some courts have held that there is an absolute right to have an observer present during an examination. *See Langfeldt–Haaland v. Saupe Enterprises, Inc.*, 768 P.2d 1144 (Alaska 1989); *Bartell v. McCarrick*, 498 So.2d 1378 (Fla.App. 1986); *Tietjen v. Dept. of Labor & Indus.*, 13 Wash.App. 86, 534 P.2d 151 (1975); *Acosta v. Tenneco Oil Co.*, 913 F.2d 205 (5th Cir.1990).

A second line of cases holds that there is no presumptive right to have an observer present at an examination. *See McDaniel v. Toledo, Peoria*

& *Western R.R. Co.*, 97 F.R.D. 525 (C.D.Ill.1983); *Dziwanoski v. Ocean Carriers Corp.*, 26 F.R.D. 595 (D.Md.1960); *Wheat v. Biesecker*, 125 F.R.D. 479 (N.D.Ind.1989).

A third line of cases grants discretion to a trial court to examine each case and make an appropriate decision. *See Robin v. Associated Indem. Co.*, 297 So.2d 427 (La.1973); *Wood v. Chicago, Milwaukee, St. Paul & Pac. Ry Co.*, 353 N.W.2d 195 (Minn.App.1984); *Whanger v. American Family Mut. Ins. Co.*, 58 Wis.2d 461, 207 N.W.2d 74 (1973).

test because it would presumably validate the testing previously performed, and the test would take only two hours, minimizing any hardship. Moreover, the defendant contends that the test results produced by the plaintiff's psychiatrist are sufficiently irregular and questionable to warrant additional testing. Specifically, the defendant states that it is highly irregular and questionable that such psychological test results would be sent directly from the scoring agency to a lawyer as it was done in this case. Also, the defendant contends that the test results show that the test was not conducted fully and properly: The results state "[t]he clinical setting in which this MMPI–2 was taken has not been indicated.... The report may not be as specific as it would have been if the actual assessment setting had been designated."

■ This Court finds that a psychiatrist chosen by the defendant may administer the MMPI to the plaintiff. Rule 35 does not limit the number of examinations. *Peters*, 153 F.R.D. at 637; *Moore v. Calavar Corp.*, 142 F.R.D. 134, 135 (W.D.La.1992); *Lewis v. Neighbors Construction Co., Inc.*, 49 F.R.D. 308, 309 (W.D.Mo.1969). "Each request for an independent medical examination must turn on its own facts, and the number of examinations to which a party may be subjected depends solely upon the circumstances underlying the request." *Peters*, 153 F.R.D. at 637. "Even when an examination has been previously ordered in the same case, a subsequent examination may be ordered if the court deems it necessary." *Id.* Also, "the number of examinations should be held to the minimum necessary considering the party's right to privacy and the need for the court to have accurate information." *Schlagenhauf v. Holder*, 321 F.2d 43, 51 (7th Cir. 1963), vacated on other grounds, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964).

This Court finds that considering the circumstances, another test of the plaintiff would not work to invade the privacy or impose hardship upon the plaintiff. Given the fact that the results state "[t]he clinical setting in which this MMPI–2 was taken has not been indicated.... The report may not be as specific as it would have been if the actual assessment setting had been designat-

ed," it is reasonable to believe that if the clinical setting were indicated, the results might be different. Consequently, due to the potential for different results, the test would not be unnecessarily duplicative or cumulative. Also, because the test consists of an interview that lasts no more than two hours, it would not be sufficiently invasive to warrant a denial of a retest.

Lastly, the Court notes that the plaintiff's psychiatrist administered the MMPI to the plaintiff on July 16, 1996, eight days after the defendant filed this motion. This motion put the plaintiff on notice that the defendant wished to administer the MMPI test to the plaintiff. Even in view of the defendant's motion, the plaintiff chose to administer the test. This Court will not speculate into all the reasons why the plaintiff chose to administer the test instead of allowing the defendant to assume the trouble and costs of doing so. Nevertheless, it is reasonable to assume that the plaintiff preferred to have his own psychiatrist administer the test based his belief that an advantage could be gained.

Accordingly, based on the above reasons, this Court finds that the defendant should be given the opportunity to have its own psychiatrist administer the MMPI to the plaintiff.