Michelle ECKMAN

v.

UNIVERSITY OF RHODE ISLAND, Robert L. Carothers, in his capacity as President of the University of Rhode Island, Americo W. Petrocelli, in his capacity as the Commissioner of Higher Education, Board of Governors for Higher Education, Alpha Rho Chapter of the Tau Kappa Epsilon National Social Fraternity.

Civ. A. No. 93–0560B.

United States District Court, D. Rhode Island.

Jan. 5, 1995.

R. Daniel Prentiss & Associates, P.C. by R. Daniel Prentiss, Providence, RI, for plaintiff.

Morrison, Mahoney & Miller by Moira E. Reynolds, Providence, RI, for University of Rhode Island.

Olenn & Penza by Holly R. Rao, Warwick, RI, for Alpha Rho Chapter of Tau Kappa Epsilon Fraternity and Tau Kappa Epsilon Nat. Soc. Fraternity.

## ORDER

BOYLE, District Judge.

This matter was heard before The Honorable Francis J. Boyle on December 22, 1994 on the objection of the plaintiff, Michelle Eckman, to Magistrate Judge Robert W. Lovegreen's Report and Recommendation to URI defendants' motion to compel the plaintiff, Michelle Eckman, to undergo a mental examination pursuant to Rule 35 dated November 25, 1994. After hearing thereon and in consideration thereof, it is hereby

*ORDERED, ADJUDGED AND DECREED:*

The objection of the plaintiff to the Report and Recommendation is overruled. The plaintiff shall coordinate with URI defen-

dants' counsel for the plaintiff to be examined by M. Eileen McNamara, M.D., Rhode Island Hospital Department of Psychiatry, APC 608B, 503 Eddy Street, Providence, Rhode Island at a mutually agreeable date and time.

## REPORT AND RECOMMENDATION

LOVEGREEN, United States Magistrate Judge.

Before me is the motion of defendants, University of Rhode Island, Robert L. Carothers, in his capacity as President of the University of Rhode Island, Americo W. Petrocelli, in his capacity as the Commissioner for Higher Education, and the Board of Governors for Higher Education (collectively the "URI defendants"), to compel plaintiff to undergo a mental examination pursuant to F.R.Civ.P. 35(a). This matter has been referred to me for a preliminary review, findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons stated, I recommend the URI defendants' motion for mental examination of the plaintiff pursuant to F.R.Civ.P. 35(a) be granted.

### Background

This lawsuit arises out of an incident occurring on October 27, 1990 at the Tau Kappa Epsilon Fraternity at the University of Rhode Island ("URI"). Plaintiff alleges that while attending a party there, she was served alcoholic beverages and was sexually assaulted by a male guest. As a result of this incident, plaintiff states she suffered physical and mental injury. In fact, plaintiff seeks as part of her damages, the expenses of treatment by two therapists, Myrel Fishman of South Shore Center for Guidance and Marie Hartwell–Walker of Valley Mental Health Services.

The URI defendants filed a request for a mental examination of plaintiff to be conducted by Dr. M. Eileen McNamara, a psychiatrist with the Rhode Island Hospital, Department of Psychiatry. Currently, Dr. McNamara is also an Assistant Professor at the Brown University School of Medicine, Department of Psychiatry and Human Behavior.

Plaintiff has objected to this motion on the grounds that: (1) this request was untimely made, and (2) the URI defendants have failed to show good cause for the examination as required by F.R.Civ.P. 35(a).

### Discussion

F.R.Civ.P. 35(a) provides in pertinent part:

When the mental or physical condition of a party ... is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner.... The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

A. *Was the Request for Mental Examination Timely Made?*

■ Plaintiff argues that the notice of the mental examination was not provided until shortly before the closure of discovery and with only three days' notice until the examination. Due to the fact that other ongoing discovery was in process and many depositions were scheduled during this time frame, plaintiff states neither she nor her counsel "have the time to deal with this matter when there any many other issues pressing for completion in the last days of the discovery period." (Pl.'s Mem. in Sup. of Obj. to URI Defs.' Mot. to Comp.)

The notice for mental examination was filed within the time period permitted for discovery. While it is true that plaintiff was provided a very short period of time between the notice and the actual exam, plaintiff could have sought a continuance or a protective order from this Court pursuant to F.R.Civ.P. 26(c), but did not. A party is not free to ignore discovery because of other discovery matters the party perceives to be more pressing. I find the URI defendants' notice and request for a mental examination to be timely filed.

**B.** *Have the URI Defendants Shown Good Cause as Required by Rule 35(a)?*

■ The issue of good cause is clearly the more troublesome one. Rule 35(a) requires that the mental condition of plaintiff be "in controversy" and that the party seeking the mental examination show "good cause" therefor. *Schlagenhauf v. Holder*, 379 U.S. 104, 118, 85 S.Ct. 234, 242–43, 13 L.Ed.2d 152 (1964); *accord Anderson v. Cryovac, Inc.*, 805 F.2d 1, 8 (1st Cir.1986); *Sacramona v. Bridgestone Firestone, Inc.*, 152 F.R.D. 428, 431 (D.Mass.1993).

At oral argument on this motion, plaintiff conceded that her mental condition is "in controversy." Consequently, we need only address the "good cause" issue.

In *Schlagenhauf v. Holder*, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964), petitioner was the driver of a Greyhound owned bus involved in a collision with a tractor-trailer owned by Contract Carriers, Inc. ("Contract") and National Lead Co. ("National") and driven by Joseph L. McCorkhill ("McCorkhill"). Passengers on the bus brought a diversity action against these parties as defendants. As part of its answer to Greyhound's cross-claim, Contract alleged that Schlagenhauf was "not mentally or physically capable" of driving the bus when the accident occurred. *Id.* at 107, 85 S.Ct. at 236–37. Then, Contact and National petitioned the District Court for an order requiring Schlagenhauf to submit to both a physical and a mental examination.

The United States Supreme Court stated "that the deposition—discovery rules are to be accorded a broad and liberal treatment" and that "civil trials in the federal courts no longer need to be carried on in the dark." *Id.* at 114–15, 85 S.Ct. at 241. (citing *Hickman v. Taylor*, 329 U.S. 495, 501, 507, 67 S.Ct. 385, 388–89, 391–92, 91 L.Ed. 451 (1947)). The Court went on to state that "good cause" cannot be satisfied by the mere showing of relevance or mere conclusory allegations in the pleadings, but that "good cause" under Rule 35 requires a greater showing than under other discovery rules. *Id.* 379 U.S. at 117–18, 85 S.Ct. at 242–43.

The Court stated as to "in controversy" and "good cause" that they

require affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. Obviously, what may be good cause for one type of examination may not be so for another. The ability of the movant to obtain the desired information by other means is also relevant.

Rule 35, therefore, requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of "in controversy" and "good cause," which requirements, ..., are necessarily related.

*Id.* at 118–19, 85 S.Ct. at 243.

The Court further stated that

Of course, there are situations where the pleadings alone are sufficient to meet these requirements. A plaintiff in a negligence action who asserts mental or physical injury, ..., places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury.

*Id.* at 119, 85 S.Ct. at 243.

■ Rule 35(a) is to be construed liberally in favor of granting discovery. *Cody v. Marriott Corp.*, 103 F.R.D. 421 (D.Mass. 1984). Where a plaintiff has affirmatively placed in controversy her mental condition, it is appropriate for a court to order an examination. *Id.* at 423.

In *Tomlin v. Holecek*, 150 F.R.D. 628 (D.Minn.1993), plaintiff was a security guard who was assaulted and battered during a union demonstration. He sued the owner of the premises alleging severe and permanent emotional injuries. He was treated by consulting psychologists. The court ordered the plaintiff to submit to a mental examination based upon the language in the *Schlagenhauf* opinion and upon the fact that plaintiff alleged and intended to prove through expert

psychological testimony that he had suffered a mental injury. *Id.* at 630.

Here, plaintiff has also alleged a mental injury and has stated she intends to prove this fact with testimony from at least two therapists. Plaintiff has provided to all defendants her medical records as well as the records of her therapists. Additionally, both therapists have been deposed. Plaintiff argues that she need not submit to a mental examination when she has supplied all necessary information to defendants concerning her mental injury and there is nothing further to provide.

While I applaud plaintiff's compliance with the broad and liberal discovery rules, I cannot fault the URI defendants for wanting to have Dr. McNamara, their expert, examine plaintiff. The severity of plaintiff's emotional problems has been placed on this record and will play a central role in this case. This alone supplies the necessary "good cause" for a Rule 35(a) mental examination. The URI defendants obviously have substantial questions concerning the extent of plaintiff's emotional injuries and causation therefor. They should have an opportunity to explore these issues and "good cause" has been shown. *See Shepherd v. American Broadcasting Companies, Inc.,* 151 F.R.D. 194, 212–13 (D.D.C.1993); *Anson v. Fickel,* 110 F.R.D. 184, 186 (N.D.Ind.1986).

Defendants' request for a mental examination will not result in a duplication of prior examinations, or in cumulative or invasive procedures. This record reflects that plaintiff has been treated by therapists or counsellors who have not performed certain tests that Dr. McNamara, a psychiatrist, will perform. Therefore, I find that "good cause" has been shown. *See Peters v. Nelson,* 153 F.R.D. 635, 638–39 (N.D.Iowa 1994).

### Conclusion

For the reasons stated, I recommend the URI defendants' motion for mental examination be granted.

1. Rule 32, Local Rules of Court; F.R.Civ.P. 72(b).

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt.[1] Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the district court.[2]

2. *United States v. Valencia–Copete,* 792 F.2d 4 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980).