**Neil ALI, Plaintiff,**

v.

**WANG LABORATORIES, INC., a Delaware Corporation, Defendant.**

No. 94–1022–Civ–J–20.

United States District Court, M.D. Florida, Jacksonville Division.

April 25, 1995.

William G. Cooper, Tracy K. Arthur, Toole, Beale & Cooper, P.A., Jacksonville, FL, for plaintiff.

Richard N. Margulies, Elaine B. Hanson, Mahoney, Adams & Criser, P.A., Jacksonville, FL, for defendant.

## *ORDER*

STEELE, United States Magistrate Judge.

This cause is before the Court on Defendant's Motion To Compel Physical and Mental Examinations of Plaintiff (Doc. # 21), filed March 22, 1995. Plaintiff's Response and Memorandum in Opposition to Motion To Compel Physical and Mental Examina-

tions of Plaintiff (Doc. # 29) was filed April 3, 1995. On April 18, 1995 the Court heard oral argument on the motion.

Plaintiff's Complaint alleges he was employed by defendant Wang Laboratories, Inc. (Wang) from 1978 until terminated in May, 1993. (Complaint, Doc. # 1, ¶ 7). Plaintiff alleges that during his employment he suffered a work-related injury which caused medical problems involving sclerosis of the cervical joints and bone-spurring, which in turn resulted in his becoming an individual with a "disability" under the American with Disabilities Act (ADA). (Complaint, ¶ 8). Plaintiff asserts his termination violated various federal and state statutes because it was caused by unlawful consideration of his age (over 40), an alleged disability, and his national origin. Plaintiff further alleges that he could have and can perform the essential functions of his employment with defendant. (Complaint, ¶ 17). Plaintiff claims defendant's actions caused "severe emotional and mental distress" (Complaint, ¶ 21), and his requested relief includes compensatory damages "for emotional pain and suffering" (Complaint, ¶ 23b) and reinstatement to his previous employment position (Complaint, ¶ 23c). Defendant denies plaintiff is an individual with a "disability" (Amended Answer, Doc. # 17, ¶ 8 and Tenth Affirmative Defense) and denies plaintiff could have performed and can still perform the essential functions of his employment (Amended Answer, Doc. # 17, ¶ 17).

Defendant seeks to compel plaintiff to submit to a mental examination by Dr. Ernest C. Miller and a physical examination by Dr. Michael B. Scharf. Plaintiff argues that defendant has failed to establish its right to such examinations. Alternatively, if either examinations are ordered by the Court, plaintiff argues that certain conditions should be imposed. It was clear after oral arguments that plaintiff does not question the qualifications or competency of either Dr. Miller or Dr. Scharf.

**A. Legal Standards:**

Both parties agree that defendant's motion is governed by Fed.R.Civ.P. 35(a). The general principles under Rule 35(a) have been articulated in *Schlagenhauf v. Holder,* 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964); *Robinson v. Jacksonville Shipyards, Inc.,* 118 F.R.D. 525 (M.D.Fla.1988); and *Bennett v. White Laboratories, Inc.,* 841 F.Supp. 1155 (M.D.Fla.1993). Defendant must establish that plaintiff's mental condition or physical condition is "in controversy" and must show "good cause" for the mental or physical examination(s). This requires an affirmative showing that the mental or physical condition is "really and genuinely" in controversy and that good cause exists for each particular examination. *Robinson,* 118 F.R.D. at 527 (citing *Schlagenhauf*). The Court must decide, by making a "discriminating application", whether the "in controversy" and "good cause" requirements have been adequately demonstrated by the production of sufficient information which allows the Court to perform its function under Rule 35(a). *Schlagenhauf v. Holder,* 379 U.S. at 118–122, 85 S.Ct. at 242–45. This requires a greater showing than for other types of discovery under Rule 26, Fed.R.Civ.P.

The Court need not resolve defendant's assertion that its burden has been satisfied by the pleadings alone. The Court has considered the pleadings and other documents in the court file, the documents submitted at the hearing, and the information from and argument of counsel. The Court finds that this combination provides sufficient information by which the Court can fulfill its function under Rule 35(a). *Schlagenhauf v. Holder,* 379 U.S. at 119, 85 S.Ct. at 243.

**B. Mental Examination:**

Defendant claims that plaintiff's mental condition has been placed in controversy because plaintiff claims he suffers continuing emotional and mental distress for which he seeks substantial damages. Defendant seeks the mental examination to determine the existence and extent of plaintiff's mental distress.

The Court agrees with those cases which hold that plaintiff's "mental condition" within the meaning of Rule 35 is not necessarily placed in controversy merely because plaintiff seeks recovery for "emotional dis-

tress". A person with no "mental condition" may still suffer emotional distress which is compensable. Plaintiff, however, has gone beyond a mere claim for emotional distress. In answers to interrogatories, Defendant's Exhibit A, plaintiff stated his "personal character and performance were severely and permanently damaged"; he "lost his self esteem and was embarrassed to call on his former customers" and others; he and his wife and son suffered "severe and permanent psychological damage"; his "humiliation and embarrassment" "created a great deal of anger and hatred within him" as well as family problems; he "suffered extreme emotional distress"; he "has been very depressed and remains depressed", and he has had an outbreak of skin and scalp rash attributed to the "ordeal" of his termination. This is clearly sufficient to place plaintiff's mental condition in controversy. *See, e.g., Shepherd v. American Broadcasting Companies, Inc.,* 151 F.R.D. 194, 212 (D.D.C.1993).

■ The Court also finds that good cause has been shown for a mental examination. Plaintiff is seeking substantial damages for his alleged emotional injuries. While plaintiff may be content to offer only his own testimony to a jury, defendant is not compelled to limit its case to mere cross examination. Since plaintiff's mental condition is in controversy and substantial damages are asserted, it is essential for defendant to have the reasonable opportunity to challenge plaintiff's claim and testimony. *See, e.g., Shepherd,* 151 F.R.D. at 213. The testimony of an expert is a well recognized and reasonable way of doing so, and an examination of plaintiff by that expert is necessary for the expert to form a meaningful opinion.

## C. Physical Examination:

■ The Court finds that plaintiff's physical condition has been placed in controversy. In answers to interrogatories, Defendant's Exhibit A, plaintiff stated he suffered whiplash in a 1979 automobile accident which caused spurs on vertebrae C5, C6, and C7 which indent the thecal sac in his spine. This is asserted to have resulted in chronic cervical pain syndrome, chronic severe neck pains and headaches, chest pains, and muscular pains and spasms in his neck and shoulder area. Plaintiff asserted that his injuries caused permanent restrictions to his lifting, range of motion and ability to work overhead. Plaintiff also asserted that a physician anticipates his condition will continue to deteriorate and will require surgery in the future. Plaintiff alleges he was and is disabled under the Americans with Disabilities Act, seeks damages under the Act, and seeks reinstatement to his employment. Both plaintiff's current physical condition and his past physical condition have therefore been placed in controversy.

■ Good cause exists for a physical examination. The expert must conduct such an examination to form a meaningful opinion. In the social security disability context, *Spencer ex. rel. Spencer v. Heckler,* 765 F.2d 1090, 1094 (11th Cir.1985) quoted an Eighth Circuit case noting that evaluation *in absentia* was "medical sophistry at its best." Additionally, a physician is able to provide a retrospective opinion of plaintiff's condition even though he did not examine plaintiff until after the relevant date. *Boyd v. Heckler,* 704 F.2d 1207, 1211 (11th Cir.1983). Additionally, the good cause found in *Bennett v. White Laboratories, Inc.,* 841 F.Supp. at 1158 applies equally to this case.

## D. Scope, Location and Conditions of Examinations:

Plaintiff requests that if either or both examinations are permitted, the Court set certain conditions. These include the presence of a court reporter, the presence of plaintiff's wife, or the recording of the examinations. The Court is satisfied that it has the discretionary authority to impose a variety of conditions which, balancing the factors in each individual case, ensure that the interests of justice are obtained. *See, e.g., Tirado v. Erosa,* 158 F.R.D. 294, 295–96 (S.D.N.Y. 1994). After considering all the circumstances of this case, the Court can find no special need which requires the presence of a court reporter, plaintiff's wife, or other recording equipment. The conditions set forth below are adequate under the circumstances of this case.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion To Compel Physical and Mental Examinations of Plaintiff (Doc. # 21) is **GRANTED** to the extent set forth below.

2. Plaintiff shall submit to a mental examination by Dr. Ernest C. Miller and a physical examination by Dr. Michael B. Scharf. Each examination will be conducted at the respective business office of Dr. Miller and Dr. Scharf in Jacksonville, Florida during normal business hours.

3. The examinations will be conducted within 20 days after the completion of plaintiff's deposition, unless the parties otherwise mutually agree.

4. The mental examination will focus upon the matters alleged by plaintiff in his Complaint and/or deposition and the mental and emotional injury and damages resulting from the misconduct alleged of defendant. Defendant shall provide Dr. Miller with the appropriate portion of plaintiff's answers to interrogatories, deposition, and such other documents as it deems appropriate. The examination will include the routine procedures for such an examination. Plaintiff has requested that it also include the Minnesota Multiphasic Personality Inventory examination. Dr. Miller may administer this test, but the Court will not require it. A copy of any resulting report will be provided to plaintiff's counsel.

5. The physical examination will focus upon the injuries alleged by plaintiff in his Complaint and/or deposition and the existence and severity of the injuries and plaintiff's physical capabilities. Defendant shall provide Dr. Scharf with the appropriate portion of plaintiff's answers to interrogatories, deposition, and such other documents as it deems appropriate. The examination will include the routine procedures for such an examination. A copy of any resulting report will be provided to plaintiff's counsel.

**DONE AND ORDERED.**