**Linda M. BETHEL, Plaintiff,**

v.

**DIXIE HOMECRAFTERS, INC., et al., Defendants.**

No. CIV.A.1:99–CV–583–WB.

United States District Court,
N.D. Georgia,
Atlanta Division.

Feb. 7, 2000.

D. Albert Brannen, Christine E. Howard and Jennifer B. Sandberg of Fisher & Phillips, LLP in Atlanta, GA, for Defendant.

David A. Shallenberger of Decatur, GA, for the plaintiff.

## ORDER

KING, United States Magistrate Judge.

This employment discrimination action is before the court on Defendants' motion [Doc. 20] to compel mental examination of Plaintiff pursuant to Fed.R.Civ.P. 35(a). Plaintiff opposes [Doc. 24] the motion.

### Background

Plaintiff filed her complaint on March 3, 1999, alleging gender discrimination and retaliation in violation of Title VII. [Doc. 1]. Plaintiff also asserted state law claims of intentional infliction of emotional distress and defamation. [Id.]. In the complaint, Plaintiff claims that she suffered extreme and severe emotional distress, and she seeks compensatory and punitive damages. [Id.]. Defendants move this court to compel Plaintiff to submit to an examination by a licensed psychiatrist who will be assisted by a licensed psychologist. The examination will not last longer than one day. [Doc. 20]. Plaintiff opposes the motion asserting that, although she has placed her mental state "in controversy," Defendants have not established "good cause;" therefore, the motion should be denied. [Doc. 24]. Plaintiff further requests, if this court grants Defendants' motion, that her attorney be present during the examination. [Id.].

### Discussion

#### A. Legal Standard Under Rule 35

■ Rule 35(a) of the Federal Rules of Civil Procedure states:

When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Thus, the following prerequisites must be met before a Rule 35(a) order is issued: "(1) the mental or physical condition of a party must be in controversy; and (2) the order must be made only on motion for good cause shown." *Postell v. Amana Refrigeration, Inc.*, 87 F.R.D. 706, 707 (N.D.Ga.1980). While Rule 35(a), like other discovery rules, is to be liberally construed, *see Schlagenhauf v. Holder*, 379 U.S. 104, 114–15, 85 S.Ct. 234, 241, 13 L.Ed.2d 152 (1964); *Postell*, 87 F.R.D. at 707, this Rule "requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental

or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause' . . . ." *Schlagenhauf*, 379 U.S. at 118–19, 85 S.Ct. at 243. *See also Eckman v. University of Rhode Island*, 160 F.R.D. 431, 433 (D.R.I.1995) (although discovery rules are accorded broad and liberal treatment, " 'good cause' cannot be satisfied by the mere showing of relevance or mere conclusory allegations in the pleadings, but [ ] 'good cause' under Rule 35 requires a greater showing than under other discovery rules."); *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 196, 198 (N.D.Tex.1995) ("Rule 35, as contrasted with other discovery provisions, is distinct in its requirements that the condition as to which the examination is sought be 'in controversy', and that the movant affirmatively demonstrate 'good cause' for the examination."). In addition to establishing the "in controversy" and "good cause" factors, the proposed examination must be conducted "by a suitably licensed or certified examiner[.]" Fed.R.Civ.P. 35(a); *see Stanislawski v. Upper River Services, Inc.*, 134 F.R.D. 260 (D.Minn.1991).

**B. In Controversy Requirement**

Applying the *Schlagenhauf* standard, to the "in controversy" requirement, Rule 35 motions

> are typically granted when one or more of the following factors are present: 1. a cause of action for intentional or negligent infliction of emotional distress; 2. an allegation of a specific mental or psychiatric injury or disorder; 3. a claim of unusually severe emotional distress; 4. the plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5. the plaintiff's concession that her mental condition is 'in controversy' within the meaning of Rule 35.

*O'Sullivan v. State of Minnesota*, 176 F.R.D. 325, 328 (D.Minn.1997); *see also Fox v. The Gates Corporation*, 179 F.R.D. 303, 307 (D.Col.1998); *Sarko v. Penn–Del Directory Company*, 170 F.R.D. 127, 131 (E.D.Pa.1997). As previously noted, Plaintiff concedes that her mental condition is "in controversy" as is evidenced by state law tort claim for intentional infliction of emotional distress. [Doc. 1; Doc. 24].

**C. Good Cause Requirement**

■ Plaintiff also concedes that Defendants have proposed that the examination be conducted by a suitably licensed psychiatrist. [Doc. 24]. The only issue before the court is whether Defendants have demonstrated "good cause." "The factors reviewed in determining 'good cause' often merge with those requirements necessary to find that a plaintiff's mental condition is 'in controversy.' " *Lahr*, 164 F.R.D. at 200 (citing *Duncan v. Upjohn*, 155 F.R.D. 23, 25 (D.Conn. 1994)); *see also Eckman*, 160 F.R.D. at 433 ("Where a plaintiff has affirmatively placed in controversy her mental condition, it is appropriate for a court to order an examination."). Additional factors that courts have looked at include whether the plaintiff intends to prove his claim through expert testimony; thus, establishing "the need to 'preserve[ ] the equal footing of the parties to evaluate the plaintiff's mental state.' " *Lahr*, 164 F.R.D. at 200 (quoting *Duncan*, 155 F.R.D. at 25). Plaintiff asserts herein that she has not identified an expert witness and does not intend to do so. [Doc. 24]. However, the offering of expert testimony by a plaintiff is not a requirement for allowing a Rule 35 examination. *Id.* at 201. In *Ali v. Wang Laboratories, Inc.*, 162 F.R.D. 165 (M.D.Fla.1995), the court found good cause for the mental examination in a case where the plaintiff's mental condition was in controversy and he was seeking substantial damages for emotional injuries even though he had not identified an expert witness. The court stated that "[w]hile plaintiff may be content to offer only his own testimony to a jury, defendant is not compelled to limit its case to mere cross examination. . . . [I]t is essential for defendant to have the reasonable opportunity to challenge plaintiff's claim and testimony." [1] *Id.* at 168. The court held that "[t]he testimony of an expert is a well recognized and reasonable way of doing so,

---

1. It is not at all clear that Plaintiff intends to rely entirely on her own testimony in this case. As noted herein, Plaintiff has been treated by four (4) psychiatrists and two (2) therapists. Reference is made to these health professionals on Plaintiff's witness list included in her mandatory disclosures. [Doc. 2].

and an examination of plaintiff by that expert is necessary for the expert to form a meaningful opinion." *Id.* Therefore, the fact Plaintiff does not intend to introduce expert testimony on her mental condition is not controlling on the issue of good cause.

■ Courts also look "to whether the parties seeking the medical examination has [sic] exhausted alternative discovery procedures prior to seeking the examination." *Id.* at 200. This presents a closer question in the instant case. Plaintiff asserts that Defendants have subpoenaed and received all of her medical records both for her physical and mental examinations. She also notes that, in addition to herself, Defendants have deposed seven (7) of her health care providers. Thus, she claims, Defendants cannot show good cause as they have discovered all the information available about her mental condition. [Doc. 24]. Defendants acknowledge that they have Plaintiff's medical records and have deposed her health care providers. However, because Plaintiff alleges extreme and severe emotional distress based on their actions for which she seeks compensatory and punitive damages and because she claims their conduct intentionally inflicted emotional distress for which she also seeks damages, they claim they are entitled to have an expert examine Plaintiff. They argue this is especially true in light of the fact that Plaintiff has admitted to other events in her life, including four (4) marriages and divorces, being abused by her last husband, submitting to drug rehabilitation treatment, and being diagnosed with skin cancer, which may be the cause of her emotional distress or contribute significantly to that distress. [Doc. 20]. In *Eckman*, arguing that she should not have to submit to an examination, the plaintiff pointed to the fact that she had provided the defendants with her medical records and that her health care professionals had been deposed. *See Eckman*, 160 F.R.D. at 434. The court still found good cause, despite the plaintiff's compliance with discovery, and held that defendants were entitled to have

their expert examine the plaintiff because of the alleged severity of her emotional problems and due to the fact the defendants had substantial questions concerning the extent of and cause of the emotional problems. *See id.* Defendants also claim that, contrary to Plaintiff's assertions, discovery to date has not provided adequate information to determine causation for Plaintiff's emotional distress. [Doc. 25, pp. 2–4, Exs. 1–4]. Given the nature of Plaintiff's claims, the fact she has squarely placed her mental condition in controversy, and because of the existence of treating health care professionals who may testify on Plaintiff's behalf and the existence of other life events that may be contributing factors to Plaintiff's emotional distress, the court finds that Defendants have affirmatively established good cause for the mental examination.

### D. Conditions of Examination

■ Plaintiff requested, if the court ordered her to submit to the examination, that her attorney be allowed to be present. In support of her request, Plaintiff quotes *Vreeland v. Ethan Allen, Inc.*, 151 F.R.D. 551, 551 (S.D.N.Y.1993), for the proposition that "the presence of an attorney is more likely to produce a higher quality of justice and fairness in the ensuing trial and permit more cogent cross-examination of the expert." The only case specific reason that Plaintiff cites for allowing her attorney to be present in this case is the fact she does not have an expert witness. [Doc. 24]. Defendants oppose Plaintiff's attorney being present during the examination.[2] [Doc. 25, pp. 5–7].

Although Rule 35 is silent on the question of who may attend an examination, "such examinations, like all other forms of discovery, are subject to the general provision of Rule 26(c) that the court 'may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Tirado v. Erosa*, 158 F.R.D. 294,

**2.** Defendants also argue that the court should not limit the examination to less than one (1) day [Doc. 25, pp. 7–9] and that psychological testing should be allowed if deemed necessary by their expert [*Id.*, pp. 9–10]. Plaintiff did not raise an objection to the proposed length of the examina-

tion nor to psychological testing during the examination. [Doc. 24]. The mental examination may not exceed one (1) business day, that is, eight (8) hours, and may include recognized and appropriate psychological testing.

297 (S.D.N.Y.1994); *see also Morton v. The Haskell Company,* 1995 WL 819182, *3 (M.D.Fla.1995) ("The court is satisfied that it has the discretionary authority to impose a variety of conditions which, balancing the factors in each individual case, ensure that the interests of justice are obtained."). "The appropriate inquiry is whether special conditions are present which call for a protective order tailored to the specific problems presented." *Tirado,* 158 F.R.D. at 299; *see also Ali,* 162 F.R.D. at 168 ("After considering all the circumstances of the case, the Court [found] no special need which require[d] the presence of a court reporter, plaintiff's wife, or other recording equipment."). It is the burden of the party seeking the special conditions to establish their existence. *See Tirado,* 158 F.R.D. at 299.

In *Shirsat v. Mutual Pharmaceutical Company, Inc.,* 169 F.R.D. 68 (E.D.Pa.1996), the plaintiff requested that an independent observer be present during the examination. In denying the request the court found "that an observer, court reporter, or recording device, would constitute a distraction during the examination and work to diminish the accuracy of the process." *Id.* at 70. The court noted that the plaintiff did not establish that unorthodox or harmful techniques would be used or that the expert was not impartial. *See id.* at 71. The court also noted that "the presence of the observer interjects an adversarial, partisan atmosphere into what should be otherwise a wholly objective inquiry[,] . . . [and that] it is recognized that psychological examinations necessitate an unimpeded, one-on-one exchange between the doctor and the patient." *Id.* This court agrees with the reasoning of the court in *Shirsat.* In fact, allowing Plaintiff's attorney to be present would only increase the likelihood of creating an adversarial atmosphere. Finally, Plaintiff has not carried her burden of establishing special needs to support her request.

For the foregoing reasons, this court denies Plaintiff's request to have her attorney present during the examination.

*Conclusion*

Defendants' motion [Doc. 20] to compel a mental examination of Plaintiff is GRANTED. No costs or fees will be imposed. Plaintiff's request that her attorney be present during the examination [Doc. 24] is DENIED. Within ten (10) days of the date of this order, counsel for Defendants are DIRECTED to confer with counsel for Plaintiff and to submit an order for this court's signature detailing the following: (1) identification of the licensed and/or certified practitioners conducting the examination; (2) specifying the location, date and time (including the maximum time period) for the examination; (3) specifying that no one other than the identified practitioners and Plaintiff will be present during the examination; and (4) specifying the scope of the examination.[3]

---

**3.** By way of example: The scope of the examination shall be limited to information that reasonably may relate to the issues of causation and the assessment of damages for alleged psychological injuries and any alleged mental stress suffered by Plaintiff as an element of her claimed damages in the instant case and may include recognized and appropriate psychological testing.