Dr. Maria H. **JAVEED**, Plaintiff,

v.

**COVENANT MEDICAL CENTER, INC.,
Gerald Sarsfield, Gerald Wait, Jeff Hal-
verson, Mike Schneiders, and Robert Sa-
vareide, Defendants.**

No. C00–2007.

United States District Court,
N.D. Iowa,
Eastern Division.

April 3, 2001.

Ronnie L. Podolefsky, Podolefsky Law Office, Cedar Falls, IA, Roxanne Barton Conlin, Roxanne Conlin & Associates, Des Moines, IA, and Thomas P. Frerichs, Frerichs Law Office PC, Waterloo, IA, for Plaintiff.

Amy D. Katarincic, Michael Best & Friedrich, Milwaukee, WI, Becky S. Knutson, Davis Brown Koehn Shors & Roberts, Des Moines, IA, Jonathan O. Levine, Paul E. Benson, Stacie J. Andritsch, Michael Best & Friedrich, Milwaukee, WI, and Thomas W. Foley, Nyemaster Goode Voigts West Hansell & O'Brien, PC, Des Moines, IA, for Defendants.

**ORDER**

JARVEY, United States Magistrate Judge.

This matter comes before the court pursuant to the plaintiff's unresisted February 23, 2001, motion to amend the complaint (docket number 43) and defendants' March 1, 2001, motion to compel plaintiff to submit to a *Rule* 35 medical examination (docket number 44). Plaintiff's motion to amend the complaint is granted. Defendants' motion to compel plaintiff to submit to a *Rule* 35 medical examination is granted.

On February 23, 2001, the plaintiff moved to amend her complaint to strike Count V of her complaint which makes a claim for tortious infliction of severe emotional distress. She did this in an effort to avoid the requirement that she appear for a *Rule* 35 medical exam at the defendants' request. She claims that she is now making only a claim for "garden variety" emotional distress which she defines as a claim amounting to no more than an attempt to recover for the generalized insult, hurt feelings, and lingering resentment which anyone would be expected to feel as a result of enduring sexual harassment and retaliation in the course of employment. *See* plaintiff's brief filed March 23, 2001, at page 5. However, she then further describes the psychological feelings and emo-

tions embodied in her claim for "garden variety" emotional distress as including loss of self respect, loss of self esteem, medical anguish, grief, anxiety, dread, sorrow, and despondency. The court sees the plaintiff's definition of "garden variety" emotional distress as inconsistent with the list of emotions that may embody such a claim.

Pursuant to *Fed.R.Civ.P.* 35(a):

Order for Examination. When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

■ *Rule* 35(a), like other discovery rules, is to be liberally construed. *Schlagenhauf v. Holder,* 379 U.S. 104, 114–15, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). The *Rule* requires discriminating application by the trial judge who must decide as an initial matter in every case, whether the party requesting a medical or a physical examination has adequately demonstrated the existence of the *Rule's* requirements of "in controversy" and "good cause." *Id.* at 118–19, 85 S.Ct. 234.

■ The issues presented in this motion are whether the plaintiff has placed her medical condition in controversy and whether there is good cause for the medical examination. When examining the two issues to determine whether to permit a *Rule* 35 examination, many courts will not find good cause to require the plaintiff to submit to a medical examination unless, in addition to a claim for emotional distress damages, one or more of the following factors is also present: (1) plaintiff has asserted a specific cause of action for intentional or negligent infliction of emotional distress; (2) plaintiff has alleged a specific mental or psychiatric injury or disor-

der; (3) plaintiff has claimed unusually severe emotional distress; (4) plaintiff has offered expert testimony in support of her claim for emotional distress damages; or (5) plaintiff concedes that her mental condition is in controversy within the meaning of *Rule* 35(a). *LeFave v. Symbios, Inc.,* 2000 WL 1644154 (D.Colo. April 14, 2000); *Bethel v. Dixie Homecrafters, Inc.,* 192 F.R.D. 320 (N.D.Ga.2000). A sexual harassment claimant does not, by virtue of the nature of the claim itself, put her emotional state in controversy. That she alleges damages for emotional distress associated with working in a hostile environment does not of itself warrant a *Rule* 35(a) examination. *Lahr v. Fulbright & Jaworski,* 164 F.R.D. 204 (N.D.Tex.1996).

This particular case is made somewhat more difficult by reason of the fact that the plaintiff is a physician. Those who may be called upon to testify concerning her claims of emotional distress may therefore also be physicians. Testimony from a physician to the effect that the plaintiff appeared depressed, for example, may easily be translated by the jury into a diagnosis of depression.

While this court has never previously heard emotional distress damages described by a term such as "garden variety," the court is very familiar with these claims. They are claims for emotional distress for which the plaintiff seeks no diagnosis or treatment. They are accurately characterized as being claims of generalized insult, hurt feelings, and lingering resentment. These claims do not involve a significant disruption of the plaintiff's work life and rarely involve more than a temporary disruption of the claimant's personal life. In this court's experience, juries in northern Iowa most often award between $5000 and $25,000 for such claims. Recently, when a $40,000 award for such damages was challenged before this court and on appeal as excessive, the Eighth Circuit Court of Appeals characterized the award as "generous" but affirmed the award. *Frazier v. IBP,* 200 F.3d 1190, 1193 (8th Cir.2000).

The plaintiff was deposed on January 29, 2001. In her deposition she testified that she had never been diagnosed with any mental disorder (p. 80), but that she experienced

weight loss and weight gain, insomnia, rashes, diarrhea, and some panic attacks as a result of the sexual harassment (p. 80). She saw a psychologist for anxiety and lack of confidence following her employment at Covenant Medical Center (p. 92). They discussed antidepressant medication but the plaintiff did not want to take medicine (p. 93).

These claims exceed the magnitude of symptoms associated with a garden—variety emotional distress claim. She has self-diagnosed a number of more serious symptoms as having been caused by the sexual harassment she alleges in this case. She sought treatment and considered antidepressant medication. For these reasons, the motion for an independent examination is granted.

Upon the foregoing,

IT IS ORDERED

1. The plaintiff's unresisted February 23, 2001, motion to amend the complaint (docket number 43) is granted.

2. Defendants' March 1, 2001, motion to compel plaintiff to submit to a *Rule* 35 medical examination (docket number 44) is granted.