Yaadram **NATHAI**, Plaintiff,

v.

**FLORIDA DETROIT DIESEL–ALLISON, INC., a foreign corporation, Defendant.**

No. 3:09–cv–001–J–20TEM.

United States District Court, M.D. Florida, Jacksonville Division.

May 17, 2010.

Jeffrey H. Klink, Jeffrey H. Klink, PA, Jacksonville, FL, for Plaintiff.

Annie Tran Zaffuto, Ayman F. Rizkalla, Carol Celeiro Lumpkin, Stephanie Nicole Moot, K & L Gates, LLP, Miami, FL, for Defendant.

## ORDER

THOMAS E. MORRIS, United States Magistrate Judge.

This case is before the Court on Defendant's Motion for Rule 35 Examination of Plaintiff (Doc. # 20) and Plaintiff's Memorandum in Opposition to Defendant's Motion (Doc. # 22). Additionally, both parties have filed documents which in essence contain supplemental memoranda in support of their respective positions. (*See* Defendant's Motion for Leave to File a Reply in Support of Its Motion for Rule 35 Examination (Doc. # 23) and Plaintiff's Brief Statement in Opposition to Defendant's Motion for Leave to File a Reply Memo for Rule 35 Examination (Doc. # 24).)

A motion for a court ordered examination is controlled by Rule 35(a) of the Federal Rules of Civil Procedure, which states in relevant part:

> The court ... may order a party whose mental or physical condition ... is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.... The order may be made only on motion for good cause and on notice to alt parties and the person to be examined; and must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Rule 35(a), Fed.R.Civ.P.

Plaintiff alleges in his complaint that he suffered lost wages and opportunities to continue to improve his technical skills, as well as emotional distress and mental anguish as a result of Defendant's employment discrimination (Doc. # 2). Defendant seeks to compel Plaintiff to submit to a mental examination by Dr. Jeffrey A. Danziger based on the allegations of emotional distress and mental anguish (Doc. # 20). Plaintiff argues that Plaintiff's mental condition is not in controversy and Defendant has failed to establish good cause for the examination. Thus, the issue presented is whether Plaintiff should be required to submit to a mental examination.

### The Appropriateness of a Mental Examination

Defendant argues that it has satisfied Rule 35(a) in that: (1) Plaintiff alleged emotional distress and mental anguish in support of his various claims, and (2) "good cause" exists because Plaintiffs are seeking substantial damages for alleged emotional injuries.

Both Plaintiff and Defendant have noted the seminal case regarding Rule 35(a) examinations, *Schlagenhauf v. Holder*, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). In that case, the Court stated that the predicates for Rule 35(a)

> are not met by the mere conclusory allegations of the pleadings, nor by mere relevance to the case, but require an affirmative showing by the movant that each condition as to which examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination.

*Schlagenhauf*, 379 U.S. at 118, 85 S.Ct. 234.

Plaintiff asserts that in his complaint, Rule 26 disclosures, written discovery responses and recent deposition he has not claimed to suffer any mental condition or psychological disorder beyond garden variety claims of psychological damage (*see* Doc. #22). Therefore, Plaintiff claims he has not put his mental condition in controversy.

▇ It is true, a plaintiff does not put his or her mental condition in controversy simply by seeking damages based on emotional distress. *Ali v. Wang Laboratories, Inc.*, 162 F.R.D. 165, 167 (M.D.Fla.1995) ("[The] plaintiff's "mental condition" within the meaning of Rule 35 is not necessarily placed in controversy merely because plaintiff seeks recovery for "emotional distress" ... [because] a person with no "mental condition" may still suffer emotional distress which is compensable."); *Gray v. State of Florida, Dept. of Juvenile Justice*, No. 3:06–cv–990–J–20MCR, 2007 WL 2225815, 2007 U.S. Dist. LEXIS 55236 (M.D.Fla. July 31, 2007) [1] ("This is not a case where [p]laintiff simply claims emotional damages without more; rather, here, [p]laintiff has gone beyond asserting a mere claim for emotional distress in that she alleges her mental condition is ongoing and has been exacerbated by [d]efendant."); *Robinson v. Jacksonville Shipyards*, 118 F.R.D. 525 (M.D.Fla.1988) ("Plaintiff does not place her mental condition in controversy by alleging that her psychological well being ... is seriously affected by defendant's behavior."); *Lahr v. Fulbright and Jaworski, L.L.P.*, 164 F.R.D. 204, 210 (N.D.Tex.1996) (noting that most courts would not grant mental examinations in sexual discrimination cases where the injured party seeks compensatory damages for "mental anguish [only] associated with being the victim of discrimination" because a jury could judge a hostile work place environment objectively and assess a plaintiff's anguish without delving into a plaintiff's subjective psychological reaction). However, an allegation of emotional distress may extend beyond mere allegations if the plaintiff alleges further evidence of mental or psychological disorders.

In *Ali v. Wang Laboratories, Inc., supra*, 162 F.R.D. at 168, the court ordered the plaintiff to submit to a mental evaluation after he referenced numerous mental impairments in his interrogatory answers, including severe and permanent psychological damage. The court reasoned that the plaintiff's answers went beyond a mere emotional distress claim since he alleged ongoing and serious impairments. *Id.*

Similarly, in *Gray v. State of Florida, Dept. of Juvenile Justice*, 2007 WL 2225815, 2007 U.S. Dist. LEXIS at 55236, the court approved a motion to compel plaintiff's mental examination after she revealed during discovery that defendant's actions aggravated her depression and anxiety while causing irritability, humiliation, anger and sleeplessness. *Id.* at 2007 WL 2225815 at *2, 2007 U.S. Dist. LEXIS 55236 at *5. Based on this evidence from discovery, the court found

---

**1.** Unpublished opinions may be cited throughout this order as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R.App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36–2.

plaintiff's mental condition to be in controversy. *Id.*

This Court also finds *Trenary v. Busch Entertainment Corp.*, No. 8:05–CV–1630–T–30EAJ, 2006 WL 3333621 (M.D.Fla.2006) to be instructive in this case. In *Trenary,* the plaintiff's complaint alleged mental anguish and loss of capacity to enjoy life. *Id.* The plaintiff's interrogatory answers revealed the identities of numerous doctors who had diagnosed or treated plaintiff for various mental conditions, including depression, anxiety, post traumatic seizure disorder, and post traumatic stress disorder. *Id.* at *3. Based on these responses, the court found plaintiff's mental condition was in controversy and granted the motion to compel plaintiff's mental examination. *Id.*

■ In the instant action, Defendant has failed to provide the Court with any facts indicating that Plaintiff has placed his mental state in controversy within the meaning of Rule 35. The only evidence available to the Court are the allegations of emotional distress and mental anguish within the complaint. Beyond these garden variety claims of emotional distress, there are no allegations that Plaintiff suffered any permanent or severe psychological damage. In Defendant's Motion, Defendant references Plaintiff's Initial Rule 26(a)(1) Disclosures, but failed to attach any documents for the Court's review (*see* Doc. # 20). Therefore, based on the pleadings filed with this Court, the undersigned finds no evidence supporting the contention that Plaintiff's mental condition is in controversy at this time.

Accordingly, it is hereby **ORDERED:**

1. Defendant's Motion to Compel (Doc. # 20) is **DENIED.**

2. Defendant's Motion for Leave to File a Reply in Support of Its Motion for Rule 35 Examination (Doc. # 23) is **DENIED.** This document may remain filed in the record of this case.